■ RUSSELL V. CICHON, Respondent, v BRISTA ESTATES ASSOCIATES et al., Appellants, and RAY L. DARLING, INC., Respondent, et al., Defendants. [597 NYS2d 819] —Mercure, J. Appeals from two orders of the Supreme Court (Keegan, J.), entered May 13, 1992 and May 21, 1992 in Albany County, which, *inter alia,* partially denied a cross motion by certain defendants for summary judgment dismissing the complaint against them.

On February 6, 1989, while operating his motor vehicle on Columbia Street in the City of Cohoes, Albany County, plaintiff sustained personal injuries when his vehicle was struck by several plastic pipes that had fallen off a flatbed truck owned by defendant Vellano Brothers, Inc. The pipes were to be used in connection with a housing construction project on a site located adjacent to Columbia Street that was owned by defendant Brista Estates Associates. At the time of the accident, the truck was being unloaded by defendant Dale W. Crandall with a loader owned by defendant Raydar Leasing, Inc. Crandall was an employee of defendant Ray L. Darling, Inc. (hereinafter Darling), an independent contractor that Brista had previously hired as general contractor for the project.

Plaintiff commenced this personal injury action alleging various Labor Law and negligence causes of action against defendants. Following joinder of issue, Darling, Crandall and Vellano moved for partial summary judgment against plaintiff

on his Labor Law causes of action. Brista cross moved for summary judgment dismissing the complaint and all cross claims against it or, in the alternative, an order granting summary judgment against Darling "based upon contractual defense and indemnification". Supreme Court dismissed plaintiff's Labor Law claims and denied all other motions except to the extent of allowing Brista leave to amend its answer. This appeal by Brista followed.[1]

Initially, we agree with Supreme Court's decision denying Brista's request to dismiss plaintiff's negligence claim against Brista. Supreme Court found questions of fact on the issue of whether Brista acted without negligence in the hiring of Darling. Although it is undisputed that Darling was an independent contractor, plaintiff specifically alleged in his complaint that Brista was negligent in hiring Darling. Significantly, a situation where an employer engages an unqualified or careless contractor is an exception to the general rule absolving an employer from liability for the torts of an independent contractor or an employee thereof (see, Del Signore v Pyramid Sec. Servs., 147 AD2d 759, 760). Here, in support of Brista's cross motion for summary judgment, the only competent evidence relating to this issue is an excerpt from the deposition testimony of Bruce Boswell, one of the defendant principals of Brista. In it, Boswell states that the only investigation he made of Darling prior to hiring the firm was to direct an inquiry about Darling to one of Boswell's own employees who had either worked with Darling in the past or "knew of him". No further evidence was provided concerning this employee's knowledge of or ability to assess Darling's work or reputation. Given the inadequacy of this information, we must conclude that Brista did not meet its initial burden on a summary judgment motion and this relief was appropriately denied (see, CPLR 3212 [b]).

Next, we conclude that Supreme Court appropriately declined to grant Brista summary judgment against Darling based upon the indemnification clause in the contract between these two parties. The contract language specifically provides that Darling is obligated to indemnify Brista for losses only to the extent that they were caused in whole or in part by the negligent acts or omissions of Darling, a subcontractor, or

---

1. Defendants Stephen T. Boswell, Bruce D. Boswell and James D. Kelly, individually and as partners doing business under the name Brista Estates Associates, also appealed from Supreme Court's determination. However, for the sake of brevity, all appealing defendants will be referred to as "Brista".

anyone else Darling was responsible for.[2] At this stage of the lawsuit there has been no finding that either Darling or its agents were negligent, and that such negligence proximately caused plaintiff's injuries. Accordingly, such a motion is, at the very least, premature *(see, Edwards v International Bus. Machs. Corp.,* 174 AD2d 863, 865).

Finally, Brista claims that summary judgment should have been granted on its claim that Darling breached the parties' contract by failing to provide contractual liability insurance to Brista. However, while clause 17.1 of the parties' contract does provide that Darling is responsible for providing contractual liability insurance to cover Darling's obligations to Brista under the indemnification clause, because, as previously indicated, the conditions that might trigger the indemnification clause have yet to occur, any damage to Brista is purely speculative at this point. Put another way, because Darling will only be liable to Brista to the extent that Brista is held responsible for Darling's negligence, all claims contingent on Darling's negligence are presently premature. Significantly, it should be noted that Darling's agreement to insure Brista was limited. Clause 17.2 specifically states that Brista "shall be responsible for purchasing and maintaining the Owner's usual liability insurance" unless Darling is specifically required to do so by the contract documents. Because our examination of the contract reveals no specific agreement on the part of Darling to provide such insurance, we cannot adopt Brista's contention that Darling breached an obligation to insure Brista for its own negligence *(see, e.g., Kinney v Lisk Co.,* 76 NY2d 215, 218-219).

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.

---

2. To the extent that the indemnification clause at issue here can be construed to hold Brista harmless for its own negligence, such a provision would be nearly void as against public policy *(see,* General Obligations Law § 5-322.1).