■ CECIL KNIGHT, Plaintiff, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. BUILDERS & CONTRACTORS, INC. Third-Party Defendant-Appellant. (And a Fourth-Party Action.) [639 NYS2d 18]

Plaintiff, a supervisor for Builders & Contractors, Inc., was injured when he fell on debris while employed at the subject premises, which had been acquired by defendant City in an in rem tax foreclosure proceeding. Plaintiff brought an action against the City alleging, *inter alia*, violation of Labor Law §§ 200, 240 and 241.

Builders & Contractors was engaged by the City to renovate the premises under a contract which contains a provision that the company will indemnify the City for injury, including costs, "arising out of or in connection with the Work, as a result of the negligence, carelessness, or wilful tort of the Contractor". The City settled the action with plaintiff for $100,000 and brought this motion for summary judgment against third-party defendant Builders & Contractors for the amount of the settlement, together with costs and attorney's fees. The City's moving papers allege that its liability is strictly vicarious and that the indemnification provision places responsibility upon Builders & Contractors, as the contractor in charge of the work site, for injuries sustained by its employee.

The record, however, contains no affidavit from the City by someone with actual knowledge attesting that the City exercised no control or supervision over the work (*see, Harris v City of New York*, 147 AD2d 186, 189). In opposition, Builders & Contractors notes that plaintiff, in his deposition testimony, stated that representatives of the City inspected the job site and made recommendations regarding the performance of the work (*supra*). He further stated that the debris that caused him to trip was not deposited at the site by Builders & Contractors because the company had not performed any work over the preceding weekend.

The City has failed to establish that it did not direct the work performed by Builders & Contractors (*Fiske v Church of St. Mary of the Angels*, 802 F Supp 872, 884-885; *Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633, 634-635; *Arbusto v Fordham Univ.*, 160 AD2d 191 [genuine issue of material fact as to defendant's control of construction site]) and that it was otherwise free from responsibility for allowing debris to accumulate at its premises. In addition, to recover under the contractual indemnification clause, the City is required to demonstrate that Builders & Contractors was negligent and that its negligence proximately caused plaintiff's injuries (*Cichon v Brista Estates Assocs.*, 193 AD2d 926). *Walsh v Morse Diesel* (143 AD2d 653), relied upon by Supreme Court in granting

summary judgment to the City, is distinguishable for its broad indemnification clause *(supra,* at 655). Finally, adjudication of whether Builders & Contractors is bound by the settlement between plaintiff and the City and whether the amount of the settlement is reasonable should await resolution of the extent of the contractor's obligation, if any, under the indemnification provision. Concur—Sullivan, J. P., Milonas, Ellerin, Rubin and Kupferman, JJ.