■ JERRY RIVERA, Plaintiff, v ST. REGIS HOTEL JOINT VENTURE et al., Defendants and Third-Party Plaintiffs-Appellants. ELITE INVESTIGATIONS, LTD., Third-Party Defendant-Respondent and Fourth-Party Plaintiff; HOMESTEAD INSURANCE COMPANY, Fourth-Party Defendant-Respondent, et al., Fourth-Party Defendant. JERRY RIVERA, Plaintiff, v ST. REGIS HOTEL JOINT VENTURE et al., Defendants and Third-Party Plaintiffs-Respondents. ELITE INVESTIGATIONS, LTD., Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent; HOMESTEAD INSURANCE COMPANY, Fourth-Party Defendant-Appellant, et al., Fourth-Party Defendant. [659 NYS2d 270] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered May 8, 1996, which, *inter alia*, granted the motion by third-party defendant Elite Investigations, Ltd. for partial summary judgment dismissing the third-party complaint, is unanimously modified, on the law, to the extent of denying Elite's motion for partial summary judgment and granting fourth-party defendant Homestead Insurance Company's cross motion for summary judgment declaring that it is not obligated to defend or indemnify under the policy procured by Elite and dismissing Elite's fourth-party complaint against it, and otherwise affirmed, without costs or disbursements. The Clerk is directed to enter judgment accordingly.

The St. Regis Hotel was under construction at the time of plaintiff's alleged accident. St. Regis Hotel Joint Venture was the owner, Tishman was the construction manager and Elite was the security guard company that employed plaintiff. The complaint in the main action alleges that plaintiff sustained injuries when he fell from a wooden ramp leading from the hotel premises to the sidewalk, and seeks recovery under the common law of negligence and Labor Law §§ 200, 240 and 241 (6).

St. Regis and Tishman's third-party action against Elite alleges that the employer was negligent and asserts causes of action for, *inter alia*, contribution, common-law indemnification (first and second causes of action), contractual indemnification

(third) and breach of a contract to procure insurance requiring that St. Regis Hotel Joint Venture and Tishman be named as additional insureds (fifth). The third-party bill of particulars alleges that Elite was negligent in hiring, training, supervising and equipping its employees, in inspecting its work area and in providing plaintiff with a safe place to work.

Elite's fourth-party action against Homestead seeks a declaration that the insurer is obligated to defend and indemnify St. Regis in the underlying personal injury action.

St. Regis and Tishman also cross-claim against Homestead for a declaration that the insurer is obligated to defend and indemnify them or for contractual damages resulting from the insurer's failure to comply with these obligations.

St. Regis, the owner, and Tishman's, the construction manager, claims for contribution and common-law indemnification should not have been dismissed in light of the factual issues regarding Elite's negligence. While the motion court correctly noted that Elite did not own, construct or maintain the ramp, and while it cannot be said that Elite was negligent for failing to train plaintiff how to undertake the common everyday task of walking on a ramp (*Cummings v Arde Realty Corp.*, 154 AD2d 321), there were triable issues as to the failure to keep an accurate log of incidents that might have provided notice to the party charged with the duty of maintaining the ramp, thereby enabling it to undertake remedial measures. This is so even though such negligence was not alleged in the bill of particulars.

· The owner's claim for contractual indemnification should not have been dismissed, since any liability was purely vicarious in the absence of any evidence that it was present at the site or that it supervised any activity with regard to the offending ramp (*see, Brown v Two Exch. Plaza Partners*, 146 AD2d 129, *affd* 76 NY2d 172; *Sheridan v Beaver Tower*, 229 AD2d 302, 303 [1st Dept 1996], *lv dismissed* 89 NY2d 860 [citing cases]). There was therefore no statutory bar to this relief (General Obligations Law § 5-322.1). The same applies to the construction manager. Although the affirmation of counsel stated that Tishman had supervisory duties over the site, there was no evidence at all (and certainly none sufficient for summary judgment purposes) that Tishman supervised the construction or maintenance of the temporary ramp, or had any duty to do so. In fact, there was a deposition by an employee as to Tishman's lack of supervision with respect to the ramp. This was sufficient to raise an issue of fact.

The causes of action for breach of the contract to procure in-

surance should not have been dismissed. While unambiguous terms in all contracts, including those of insurance, should be given their plain and ordinary meaning (*Teichman v Community Hosp.*, 87 NY2d 514, 520 [1996]), the additional insured endorsement here was ambiguous as to whether it was intended to include the St. Regis Hotel Joint Venture because, even though that entity was not specifically named, its constituent members were named. Thus, the ambiguity properly triggered resort to the parol evidence rule on this issue, and, in these circumstances, precluded summary judgment.

Since issues of fact remain as to whether negligence of either the owner or the contractor proximately caused plaintiff's injuries (*see, e.g.*, *Knight v City of New York*, 225 AD2d 355), the motion by third-party plaintiffs for summary judgment was properly denied.

Homestead's cross motion for summary judgment should have been granted since it had no obligations toward either Elite or any additional insureds under the clearly enforceable employee exclusion (*Consolidated Edison Co. v United Coastal Ins. Co.*, 216 AD2d 137, *lv denied* 87 NY2d 808). Thus, the policy excludes liability claims for employees such as plaintiff.

Further, there is no merit to Elite's argument that noncoverage as an additional insured had been waived because Homestead's disclaimer letter was grounded on the employee exclusion only, and did not mention the failure to include St. Regis Hotel Joint Venture in the additional insured endorsement. Any failure to disclaim on this latter ground would not constitute a waiver since there was no coverage in the first instance and a failure to disclaim cannot create coverage that the policy was not written to provide (*Handelsman v Sea Ins. Co.*, 85 NY2d 96, 99). Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.