■ ROBERT McSHANE et al., Respondents, v BALWINDER SINGH et al., Appellants. [671 NYS2d 692] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated December 2, 1996, which denied their motion to compel arbitration.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendants' contention, the Supreme Court did not err in denying their motion to compel arbitration since the moving papers failed to demonstrate the existence of a valid agreement to arbitrate (see, CPLR 7503 [a]). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.

■ MARTHA MEDINA, Plaintiff, v NEW YORK ELEVATOR CO., INC., Respondent, and CUSHMAN & WAKEFIELD, INC., Appellant. (And a Third-Party Action.) [671 NYS2d 691] —In a negligence action to recover damages for personal injuries, the defendant Cushman & Wakefield, Inc., appeals from so much of an order of the Supreme Court, Queens County (Dye, J.), dated February 18, 1997, as denied as premature that branch of its motion which was to compel the defendant New York Elevator Co., Inc., to indemnify it against the plaintiff's claims.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court that a resolution of the issue of the respondent's duty to indemnify the appellant must await a determination as to whether the plaintiff's injuries were caused by any negligence on the part of the respondent (see, *Bermudez v New York City Hous. Auth.,* 199 AD2d 356; *Cichon v Brista Estates Assocs.,* 193 AD2d 926, 927-928; *Hayes v Crane Hogan Structural Sys.,* 191 AD2d 978, 979).

The appellant's remaining contentions are unpreserved for appellate review. Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.