■ JOAN TAYLOR et al., Plaintiffs, v BANDE REAL ESTATE CORP. et al., Appellants and ACCURATE MAINTENANCE CORP., Respondent. [717 NYS2d 367] —In an action to recover damages for personal injuries, etc., the defendants Bande Real Estate Corp. and Breslin Realty Development Corp. appeal from so much of an order of the Supreme Court, Queens County (Milano, J.), dated December 3, 1999, as denied their motion for summary judgment on their cross claim against the defendant Accurate Maintenance Corp. for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Joan Taylor allegedly was injured when she slipped and fell on a damp or wet restroom floor at a shopping mall owned by the defendant Bande Real Estate Corp. (hereinafter Bande) and managed by the defendant Breslin Realty Development Corp. (hereinafter Breslin). The defendant Accurate Maintenance Corp. (hereinafter Accurate) performed all janitorial and maintenance services for the mall pursuant to a written contract with Bande. The contract provided, in relevant part, that Accurate would indemnify Bande and its agents for "any and all claims, actions, suits, judgments, liabilities, losses, costs and expenses, including attorney's fees, which result from personal injury * * * arising solely from" Accurate's negligent acts.

The plaintiffs commenced this action against Bande, Breslin, and Accurate. Bande and Breslin asserted a cross claim against Accurate for contractual indemnification and, after depositions were conducted, moved for summary judgment on that cross claim.

The contractual indemnification clause provides that Accurate must be found negligent before its obligation to

indemnify is triggered. Contrary to the appellants' contention, they failed to demonstrate, as a matter of law, that Accurate was negligent or that its alleged negligence was a proximate cause of Taylor's injuries. Consequently, the Supreme Court properly denied their motion for summary judgment on their cross claim for contractual indemnification against Accurate (*see, Medina v New York El. Co.,* 250 AD2d 656; *Bermudez v New York City Hous. Auth.,* 199 AD2d 356; *Cichon v Brista Estates Assocs.,* 193 AD2d 926; *Hayes v Crane Hogan Structural Sys.,* 191 AD2d 978). O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.