■ MENTOR HAJDARI et al., Plaintiffs, v 437 MADISON AVENUE FEE ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants. NATIONAL CLEANING CONTRACTORS, INC., et al., Third-Party Defendants-Respondents. [740 NYS2d 328] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 13, 2001, which, in an action by a janitor employed by third-party defendants for personal injuries sustained while cleaning a building owned and managed by defendants, granted defendants' (the owners) and third-party defendants' (the cleaning contractors) motions for summary judgment dismissing the complaint, and, insofar as appealed from, granted that branch of the cleaning contractors' motion as sought summary judgment dismissing the owners' third-party causes of action against them for indemnification and breach of contract to procure insurance, and denied that branch of the owners' motion as sought partial summary judgment on such third-party causes of action, unanimously modified, on the law, to reinstate the owners' cause of action for breach of contract to procure insurance, and otherwise affirmed, without costs.

Dismissal of the complaint necessarily rendered inoperative the cleaning contractors' contractual obligation to indemnify and defend the owners for any losses, suits, actions, legal fees, costs and expenses arising out of the contracted work and "in any manner directly or indirectly caused, occasioned or contributed to in whole or in part by reason of any action, omission, fault or negligence" by the cleaning contractors or persons under their control *(see, Knight v City of New York,* 225 AD2d 355, 356; *Taylor v Bande Real Estate Corp.,* 278 AD2d 404). We reject the owners' contention that plaintiff's slip and fall on a wet bathroom floor was an "action" that triggered the indemnification clause. However, we also reject the

cleaning contractors' contention that dismissal of the complaint necessarily involved a finding that the owners did not sustain any damages as a result of the cleaning contractors' admitted failure to procure for the owners the liability insurance called for in the cleaning contract (*see, Inchaustegui v 666 5th Ave. Ltd. Partnership,* 96 NY2d 111). In the latter regard, issues remain as to the extent to which the owners were covered, if at all, by the insurance that the cleaning contractors did procure. We decline, at this juncture, to rule on the particular items of damages to be awarded in the event of a finding of breach. We have considered the owners' other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Buckley, Wallach and Lerner, JJ.