■ CHARLES SPRINGSTEAD, Plaintiff, v CIBA-GEIGY CORPORATION et al., Appellants, TORCON, INC., Respondent, et al., Defendant. [755 NYS2d 304] —In an action to recover damages for personal injuries, the defendants Ciba-Geigy Corporation and Novartis Corporation, as successor-in-interest to Ciba-Geigy Corporation, appeal from so much of an order of the Supreme Court, Orange County (Owen, J.), dated April 17, 2002, as denied that branch of the cross motion of Novartis Corporation, as successor-in-interest to Ciba-Geigy Corporation, which was for summary judgment on its cross claim for contractual indemnification against the defendant Torcon, Inc.

Ordered that the appeal by Ciba-Geigy Corporation is dismissed, as it is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by Novartis Corporation, as successor-in-interest to Ciba-Geigy Corporation; and it is further,

Ordered that one bill of costs is awarded to the defendant Torcon, Inc.

The appellant Novartis Corporation, as successor-in-interest to Ciba-Geigy Corporation (hereinafter the appellant) argues that it was entitled to summary judgment on its contractual indemnity cross claim. We disagree. Contrary to the appellant's contention, a determination as to the applicability of the indemnification clause at issue cannot be made until there is a finding that either the general contractor, the defendant Torcon, Inc., or the subcontractor, the defendant Mehl Electric Company, Inc., was negligent (*see Taylor v Bande Real Estate Corp.,* 278 AD2d 404 [2000]). Since there has been no finding of negligence, any award of summary judgment would be premature (*see Maxwell v Toys "R" Us,* 258 AD2d 630 [1999]; *Medina v New York El. Co.,* 250 AD2d 656 [1998]). Smith, J.P., Krausman, Goldstein and Townes, JJ., concur.