■ JEAN NATARUS et al., Plaintiffs, v CORPORATE PROPERTY INVESTORS, INC., Now Known as SIMON PROPERTY GROUP, INC., Defendant and Third-Party Plaintiff-Appellant. ISS/INTERNATIONAL SERVICE SYSTEM, INC., Third-Party Defendant-Respondent. [786 NYS2d 309]—In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Covello, J.), entered June 10, 2003, as denied that branch of its motion which was for summary judgment on so much of the third-party

complaint as sought common-law and contractual indemnification for attorney's fees and expenses and as granted that branch of the third-party defendant's cross motion which was for summary judgment dismissing those portions of the third-party complaint and the third cause of action in the third-party complaint to recover damages for failure to procure insurance.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the third-party defendant's cross motion which was for summary judgment dismissing the third cause of action in the third-party complaint to recover damages for failure to procure insurance and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the third cause of action in the third-party complaint is reinstated.

Neither the third-party plaintiff nor the third-party defendant established prima facie entitlement to summary judgment on the third cause of action in the third-party complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), as there are triable issues of fact concerning whether the third-party defendant procured the contractually-mandated insurance coverage (*see Hajdari v 437 Madison Ave. Fee Assoc.*, 293 AD2d 360 [2002]). Contrary to the determination of the Supreme Court, such issue was not academic, notwithstanding dismissal of the underlying complaint (*see Hajdari v 437 Madison Ave. Fee Assoc., supra; Keelan v Sivan,* 234 AD2d 516 [1996]).

The third-party plaintiff's remaining contention is without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.