■ Alan Cardozo et al., Appellants-Respondents, v Mayflower Center, Inc., et al., Respondents-Appellants, and Lady L. Charters, Inc., Respondent. (And a Third-Party Action.) [792 NYS2d 166]—

In an action to recover damages for personal injuries, etc., (1) the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated October 21, 2003, as granted the motion of the defendant Lady L. Charters, Inc., for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of the defendants Blockbuster Video, Inc., and Mayflower Center, Inc., which was for summary judgment dismissing the complaint insofar as asserted against Mayflower Center, Inc., (2) the defendants Blockbuster Video, Inc., and Mayflower Center, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against Blockbuster Video, Inc., for summary judgment on the cross claim of the defendant Blockbuster Video, Inc., against the defendant Abaco Management Corporation for failure to procure insurance, and for summary judgment on the cross claim of the

defendant Blockbuster Video, Inc., for common-law indemnification against the defendant Lady L. Charters, Inc., and (3) the defendant Abaco Management Corporation cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against the defendant Blockbuster Video, Inc.

Ordered that the cross appeal by the defendant Mayflower Center, Inc., is dismissed as that defendant is not aggrieved by the order cross-appealed from (see CPLR 5511); and it is further,

Ordered that the cross appeal by the defendant Blockbuster Video, Inc., from so much of the order as denied that branch of the motion made by it and the defendant Mayflower Center, Inc., which was for summary judgment on the cross claim of Blockbuster Video, Inc., for common-law indemnification against the defendant Lady L. Charters, Inc., is dismissed as academic; and it is further,

Ordered that the cross appeal by the defendant Abaco Management Corporation from so much of the order as denied that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the defendant Blockbuster Video, Inc., is dismissed as academic; and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Blockbuster Video, Inc., and Mayflower Center, Inc., which was for summary judgment dismissing the complaint insofar as asserted against Blockbuster Video, Inc., and substituting therefor a provision granting that branch of that motion, (2) by deleting the provision thereof denying that branch of the motion of the defendant Abaco Management Corporation which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of that motion, and (3) by deleting the provision thereof denying that branch of the motion of the defendant Blockbuster Video Inc., which was for summary judgment on its cross claim against the defendant Abaco Management Corporation for failure to procure insurance and substituting therefor a provision granting that branch of that motion; as so modified, the order is affirmed insofar as reviewed, and the complaint is dismissed; and it further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

On January 23, 2001, the plaintiff slipped and fell on a clear sheet of ice covering the sidewalk in front of a store leased by the defendant Blockbuster Video, Inc. (hereinafter Blockbuster), from the defendant Mayflower Center, Inc. (hereinafter Mayflower). The defendant Abaco Management Corp. (hereinafter Abaco) contracted with Blockbuster to remove snow from the premises, and Abaco, in turn, subcontracted the responsibility for snow removal to the defendant Lady L. Charters, Inc. (hereinafter Lady L.).

At issue on appeal are, inter alia, the defendants' motions for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals from so much of the order as granted the motion of Lady L. for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of Blockbuster and Mayflower which was for summary judgment dismissing the complaint insofar as asserted against Mayflower. Blockbuster cross-appeals from so much of the order as denied that branch of the motion of Blockbuster and Mayflower which was for summary judgment dismissing the complaint insofar as asserted against Blockbuster, and Abaco cross-appeals from so much of the order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against the snow removal contractor, Lady L. (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]), and the out-of-possession landlord, Mayflower (*see Maldonado v Matera,* 237 AD2d 584 [1997]). However, the Supreme Court erred in denying summary judgment dismissing the complaint insofar as asserted against Blockbuster and Abaco. Blockbuster, the lessee of the premises, established that it neither created, nor had actual or constructive notice of the alleged dangerous condition (*see Murphy v 136 N. Blvd. Assoc.,* 304 AD2d 540 [2003]). Abaco, the snow removal contractor which subcontracted the actual work to Lady L., established that it did not owe the plaintiff a duty of care (*see Espinal v Melville Snow Contrs., supra*). Since the plaintiff failed to raise a triable issue of fact in response to the prima facie showings of entitlement to judgment as a matter of law, it should have granted summary judgment dismissing the complaint insofar as asserted against Blockbuster and Abaco.

Those branches of the motions of Blockbuster and Mayflower, and Abaco which were for summary judgment on the cross claims of Blockbuster and Abaco, respectively, for indemnification are academic, in light of the dismissal of the complaint

against them. However, the issue of Abaco's liability to Blockbuster for failure to procure insurance, as it was required to do pursuant to its contract with Blockbuster is not academic (*see Natarus v Corporate Prop. Invs.,* 13 AD3d 500 [2004]). Since Abaco failed to raise a triable issue of fact in response to the showing that Abaco breached its contractual obligation to procure insurance naming Blockbuster as an additional insured, that branch of the motion which was for summary judgment on this cross claim against Abaco also should have been granted. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.