■ LARRY E. KNIGHT, INC., et al., Respondents, v QBE INSURANCE CORP. et al., Appellants. [875 NYS2d 61]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered July 7, 2008, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, so much of the motion as sought dismissal of the first, second, third, and fifth causes of action granted, and otherwise affirmed, without costs.

In this declaratory judgment action, there are issues of fact as to whether plaintiffs' injuries in the underlying action were caused by negligence on the part of defendant JEM Erectors, which in turn generate issues of fact as to JEM's duty to indemnify the corporate Knight plaintiff under their subcontract (*see Carboy v Cauldwell-Wingate Co., Inc.*, 43 AD3d 261 [2007]; *Medina v New York El. Co.*, 250 AD2d 656 [1998]). Plaintiffs' argument that the indemnity provision in the Knight-JEM subcontract imports with it a duty to insure fails, because the duty to indemnify is distinct from, and does not inherently contain, a duty to insure (*see Kinney v Lisk Co.*, 76 NY2d 215, 218 [1990]). Since the subcontract contains no obligation on the part of JEM to procure insurance for Knight, Knight cannot be deemed an additional insured under the additional-insured endorsement to JEM's commercial general liability policy (*see International Couriers Corp. v North Riv. Ins. Co.*, 44 AD3d 568 [2007]; *Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 32-34 [1979], *affd* 49 NY2d 924 [1980]). Because defendants demonstrably have no duty to procure insurance for Knight, plaintiffs' claim for breach of the duty to procure insurance must also fail.

There is no basis in this record for interfering with the motion court's discretionary decision to decline to dismiss plaintiffs' request for declaratory relief in the fourth cause of action, in light of the prior pendency of claims asserted in the context of the underlying personal injury action (*see Whitney v Whitney*, 57 NY2d 731 [1982]). Concur—Mazzarelli, J.P., Andrias, Gonzalez, Moskowitz and Renwick, JJ. [*See* 2008 NY Slip Op 31942(U).]