■ RANDY BOONE et al., Respondents, v 100 MARCUS DRIVE ASSOCIATES, Appellant. [876 NYS2d 888]—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated January 7, 2008, which denied its motion for summary judgment dismissing the complaint.

In an action to recover damages for personal injuries, etc., the defendant and third-party plaintiff, Melville Snow Contractors, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered January 9, 2008, as denied its motion for summary judgment dismiss-

ing the complaint and all cross claims insofar as asserted against it, and for "indemnity and defense" from the defendants 100 Marcus Drive Associates, R Three Investors, NMJ Investors, N. Racanelli, Associates, Inc., Martin Racanelli, individually and as executor of the estate of Nicholas Racanelli, deceased, John Racanelli, 180 Oval Drive Associates, Mario Posillico, Joseph Posillico, Dominic J. Posillico, and Charles Gargano, and from the third-party defendants Jim's Asphalt Paving, Inc., and Jimmie Newsome, and the defendants 100 Marcus Drive Associates, R Three Investors, NMJ Investors, N. Racanelli Associates, Martin Racanelli, individually and as executor of the estate of Nicholas Racanelli, deceased, John Racanelli, 180 Oval Drive Associates, Mario Posillico, Joseph Posillico, Dominic J. Posillico, and Charles Gargano cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the third-party defendants Jim's Asphalt Paving, Inc., and Jimmie Newsome separately cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the third-party complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff to the defendants and the third-party defendants Jim's Asphalt Paving, Inc., and Jimmie Newsome appearing separately and filing separate briefs, that branch of the motion of the defendant and third-party plaintiff Melville Snow Contractors, Inc., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted and the motion is otherwise denied as academic, the cross motion of the defendants 100 Marcus Drive Associates, R Three Investors, NMJ Investors, N. Racanelli Associates, Martin Racanelli, individually and as executor of the estate of Nicholas Racanelli, deceased, John Racanelli, 180 Oval Drive Associates, Mario Posillico, Joseph Posillico, Dominic J. Posillico, and Charles Gargano for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and the cross motion of the third-party defendants Jim's Asphalt Paving, Inc., and Jimmie Newsome for summary judgment dismissing the third-party complaint insofar as asserted against them is granted.

The defendant and third-party plaintiff, snow removal contractor Melville Snow Contractors, Inc. (hereinafter Melville), established that it owed no duty to the injured

plaintiff, and thus made a prima facie showing on that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). Since the plaintiffs failed to raise a triable issue of fact in opposition, that branch of the motion should have been granted (see *Castro v Maple Run Condominium Assn.*, 41 AD3d 412 [2007]).

The defendant property owner, 100 Marcus Drive Associates, and the entities that are its partners, and the partners of those entities, R Three Investors, NMJ Investors, N. Racanelli Associates, Martin Racanelli, individually and as executor of the estate of Nicholas Racanelli, deceased, John Racanelli, 180 Oval Drive Associates, Mario Posillico, Joseph Posillico, Dominic J. Posillico, and Charles Gargano (hereinafter together the owners), also made a prima facie showing on the branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. Specifically, they submitted evidence, including certified meteorological records, business records, and witness statements, which disproved the plaintiffs' contention that the parking lot/driveway where the injured plaintiff fell was covered with 12 inches of freshly fallen, unplowed snow on the day of the accident. The plaintiffs' opposition raised, at best, a feigned issue of fact in response to that showing (see *Assing v United Rubber Supply Co.*, 126 AD2d 590 [1987]). To the extent that the plaintiffs alternatively contended that the lot was plowed but was nevertheless unreasonably icy, they failed to raise a triable issue of fact in response to the prima facie showing by the owners that they did not have actual or constructive notice of a dangerous ice condition in the parking lot (see *Ronconi v Denzel Assoc.*, 20 AD3d 559 [2005]). Therefore, the branch of the owners' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been granted.

Finally, since the complaint should have been dismissed insofar as asserted against both Melville and the owners, that branch of the owners' cross motion which was for summary judgment dismissing Melville's cross claims against them should have been granted, and the cross motion of the third-party defendants Jim's Asphalt Paving, Inc., and Jimmie Newsome for summary judgment dismissing the third-party complaint insofar as asserted against them should have been granted (see *Zabbia v Westwood, LLC*, 18 AD3d 542 [2005]; *Hajdari v 437 Madison Ave. Fee Assoc.*, 293 AD2d 360 [2002]).

The parties' remaining contentions are without merit or have been rendered academic by our determination. Dillon, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.