Brown v Shurgard Stor. Ctrs. LLC (2022 NY Slip Op 01411)





Brown v Shurgard Stor. Ctrs. LLC


2022 NY Slip Op 01411


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Index No. 21201/15E Appeal No. 15471-15471A Case No. 2020-04677, 2021-02573 

[*1]Audley Brown, Plaintiff-Appellant-Respondent,
v
Shurgard Storage Centers LLC et al., Defendants-Respondents-Appellants.
Shurgard Storage Centers LLC, is Sued as Shurgard Storage Centers LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Vertical Parking Systems, LLC, Doing Business as Budget Truck Rental, Third-Party Defendant-Respondent.


Buitrago & Associates, PLLC, New York (Marcelo A. Buitrago of counsel), for appellant-respondent.
Miller & Lee LLP, Scarsdale (Joseph Miller of counsel), for respondents-appellants.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (R. David Lane, Jr. of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about May 19, 2020, which, to the extent appealed from as limited by the briefs, granted so much of defendants' (together, Shurgard) motion as sought summary judgment dismissing the complaint and denied so much of the motion as sought summary judgment on their claim against third-party defendant (Vertical) for breach of contract for failure to procure insurance, unanimously modified, on the law, to grant Shurgard's motion as to its claim against Vertical, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 7, 2021, which, to the extent appealed from, denied plaintiff's motion to renew Shurgard's motion, unanimously dismissed, without costs, as academic.
Shurgard made a prima facie showing that it cannot be held liable for plaintiff's accident because it was an out-of-possession landlord that retained only a right of reentry, and the parking lot where the accident occurred did not suffer from a significant structural defect (see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566-567 [1987]; Velazquez v Tyler Graphics, 214 AD2d 489 [1st Dept 1995]). Shurgard's expert engineer opined, based upon a micro-topographical survey, that the lot had a slope of 2% to 5% from front to back and that that slope provided proper and adequate drainage. Shurgard's expert meteorologist opined, based upon meteorological records and photographs of the condition, that the snow and ice condition was not created by improper drainage but resulted from the natural accumulation of precipitation unabated by any removal efforts.
In opposition, plaintiff failed to rebut defendants expert engineer's opinion that the snow and ice condition was not created by any improper drainage. The motion court should have considered the affidavit by plaintiff's engineer, because his CV was omitted inadvertently and was subsequently submitted by plaintiff via letter (see Stewart v Goldstein, 175 AD3d 1214, 1215 [1st Dept 2019]). However, the affidavit of plaintiff's expert is conclusory, vague, and insufficient to create a question of fact. No foundational facts, such as an inspection of the lot, are averred in support of the opinion that the condition on the lot was caused by improper drainage.
It is uncontested that the lease obligated Vertical to procure insurance for the benefit of Shurgard and that it failed to do so. Since Shurgard is self-insured, it is entitled to recover the costs of defending against this action (see Spector v Cushman & Wakefield, Inc., 100 AD3d 575, 575 [1st Dept 2012]). The dismissal of the complaint does not render the issue moot (see Hajdari v 437 Madison Ave. Fee Assoc., 293 AD2d 360, 360-361 [1st Dept 2002]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022[*2]