■ MARC MOLEON, Plaintiff, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION COMPANY, INC., et al., Defendants. SENTRY CONTRACTING, INC., Third-Party Plaintiff-Respondent, v AMG CONSTRUCTION, INC., Third-Party Defendant, and UTICA FIRST INSURANCE COMPANY, Third-Party Defendant-Appellant. [758 NYS2d 621] —Order, Supreme Court, New York County (Michael Stallman, J.), entered November 28, 2001, which, in this third-party declaratory judgment action seeking a declaration and damages with respect to obligations under an insurance policy, denied, without prejudice, third-party defendant Utica First Insurance Company's motion for an order pursuant to CPLR 3211 (a) (1) and (7) dismissing the third-party complaint insofar as asserted against it and for summary judgment pursuant to CPLR 3211 (c), unanimously reversed, on the law, without costs, the motion to dismiss pursuant to CPLR 3211 (a) (1) granted, a declaration issued that Utica First Insurance Company has no obligation to defend or indemnify Sentry Contracting, Inc. in the main action, and the third-party complaint otherwise dismissed insofar as asserted

against Utica First Insurance Company. The Clerk is directed to enter judgment accordingly.

In the main action, plaintiff Marc Moleon (plaintiff) seeks monetary damages for alleged personal injuries sustained in a construction site accident on July 26, 2000 at Bellevue Kids Center at Bellevue Hospital in Manhattan. At the time of the accident, plaintiff was employed by third-party defendant AMG Construction, Inc. (AMG). AMG had entered into a subcontract with third-party plaintiff Sentry Contracting, Inc. (Sentry)[1] to perform subcontracting work on the project. The complaint in the main action alleges Labor Law violations against multiple defendants including Sentry.

Pursuant to the subcontract, AMG was required to defend and indemnify Sentry for any claims arising from the negligence of AMG or any of its employees. The subcontract also required AMG to name Sentry as an additional insured under its general insurance policy.

Third-party defendant Utica First Insurance Company (Utica) issued an insurance policy to AMG, which states in relevant part that it does not provide coverage for "bodily injury to an employee of an insured if it occurs in the course of employment." In addition, the policy does not name Sentry as an additional insured. Sentry's insurer, Travelers Property Casualty, requested that AMG defend and indemnify Sentry in the main action in accordance with the subcontract. However, Utica declined coverage because Sentry was not named as an insured or additional insured under the policy, and plaintiff's injury was excluded under the terms of the policy.

Consequently, Sentry commenced this third-party action against Utica seeking defense and indemnification in the main action.[2] In lieu of interposing an answer, Utica moved to dismiss the complaint and for summary judgment pursuant to CPLR 3211 (c).[3] In support, Utica submitted a copy of the insurance policy and an affidavit from its claim representative attesting that Sentry was not an insured or additional insured and that the policy excluded coverage for plaintiff's injury.

Sentry opposed the motion to dismiss on the grounds that the motion was premature as discovery had not yet been conducted. In support, Sentry relied on a certificate of liability

---

**1.** In the main action Sentry is incorrectly sued as Century Contracting Corp.

**2.** Sentry also sued AMG for contractual liability for failure to obtain insurance for Sentry in connection with the construction project.

**3.** Alternatively, Utica moved to sever the third-party action based on the inherent prejudice involved in injecting insurance issues in a tort litigation.

insurance purporting to name Sentry as an additional insured. Sentry's counsel claimed that the broker who prepared the certificate advised him that he had the authority to bind Utica. Sentry also argued that because it was not plaintiff's employer, the employee exclusion did not apply. Finally, Sentry requested that any summary judgment determination be made after discovery.

Without explanation, the Supreme Court denied Utica's motion to dismiss without prejudice to a motion for summary judgment.

Contrary to Sentry's contention, an order denying a motion without prejudice to renew is appealable as of right. The authority relied on by Sentry has been overruled (*see Okin v White Plains Hosp.*, 97 AD2d 399 [1983]; *see also Keller v Frank P. Eberhard Co.*, 110 AD2d 686 [1985]).

Substantively, we find that the motion court erred in failing to dismiss the complaint based on documentary evidence (CPLR 3211 [a] [1]). The party claiming insurance coverage has the burden of proving entitlement (*see Plotkin v Disability & Cas. Inter-Ins. Exch.*, 27 AD2d 719 [1967]; *see also Daniel v Allstate Life Ins. Co.*, 71 AD2d 872 [1979]). A party that is not named an insured or additional insured on the face of the policy is not entitled to coverage (*see McKenzie v New Jersey Tr. Rail Operations, Inc.*, 772 F Supp 146, 149 [1991], citing *Stainless, Inc. v Employers' Fire Ins. Co.*, 49 NY2d 924 [1980], *affg* 69 AD2d 27 [1979]).

Here, Utica presented the policy which did not name Sentry as an additional insured. In response, Sentry submitted the certificate of liability insurance. However, the certificate contains a disclaimer which states that "this certificate is issued as a matter of information only and confers no rights upon the certificate holder [and that] this certificate does not amend, extend or alter the coverage afforded by the policies." Accordingly, the certificate is insufficient to establish that Sentry is an additional insured under a policy especially where, as here, the policy itself makes no provision for coverage (*see Glynn v United House of Prayer For All People*, 292 AD2d 319, 322 [2002]; *American Motorist Ins. Co. v Superior Acoustics*, 277 AD2d 97 [2000]; *see also Taylor v Kinsella*, 742 F2d 709 [1984] [applying New York law]).

In any event, even if, as Sentry contends, the broker who signed the certificate of liability insurance had the authority to bind Utica, and Sentry were named as an insured or additional insured, Utica properly disclaimed coverage based upon plaintiff's status as an employee of AMG at the time of the

accident. Indeed, New York courts have held that employee exclusionary clauses containing the same or similar language are plain and unambiguous and that such a clause applies to exclude coverage to an additional insured where, as here, the main action is brought against such additional insured by the employee of a named insured (*see Rivera v St. Regis Hotel Joint Venture*, 240 AD2d 332, 334 [1997]; *Tardy v Morgan Guar. Trust Co.*, 213 AD2d 296 [1995]).

Sentry also contends that the employee exclusion offends public policy. However, this argument may not be raised for the first time on appeal (*see Mardjokic v Griffin*, 186 AD2d 431 [1992]), and, in any event, lacks merit.

We need not reach the parties' remaining contentions in light of our determination. Concur—Ellerin, J.P., Williams, Marlow and Gonzalez, JJ.