◼ TRIBECA BROADWAY ASSOCIATES, LLC, Respondent, v MOUNT VERNON FIRE INSURANCE COMPANY, Appellant, et al., Defendants. [774 NYS2d 11]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered December 19, 2002, which, inter alia, granted plaintiff's motion for summary judgment to the extent of declaring that the defendant Mount Vernon Fire Insurance Company had a duty to defend plaintiff in an underlying personal injury action and denied defendant Mount Vernon's cross motion for summary judgment declaring that plaintiff is not an insured under the subject policy and that Mount Vernon is not obligated to defend or indemnify it in this action, unanimously reversed, on the law, without costs, the motion denied and the cross motion granted.

Plaintiff building owner contracted with defendant GDM Construction Services for renovation work on the premises. The

construction agreement included a hold harmless clause assuring that GDM would hold the owner harmless for claims, including attorneys' fees, attributable to personal injuries arising from negligence by GDM, a subcontractor or anyone for whose acts they may be liable. The parties also agreed that GDM would maintain insurance in a specified amount indemnifying the owner for all liability arising from the contracted-for work. In that regard, GDM provided the owner with a certificate of insurance dated July 25, 1997. The certificate stated that GDM was insured for the specified amount, and it listed the plaintiff owner as an additional insured. This certificate also included the statement: "[t]his certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below." The policy itself does not list plaintiff owner as an additional insured. Subsequently, defendant Alberto Nieves, claiming to have been injured on the premises, commenced a Labor Law action against GDM. By letter dated April 4, 2000, plaintiff owner's attorney, Scott Brody, tendered the defense in that action to GDM's insurance broker, Allen Freeman, seeking confirmation that plaintiff owner was an additional insured under the policy. By letter dated May 4, 2000, Brody again contacted Freeman, who responded that he had referred the claim to defendant-appellant Mount Vernon's New York agent, the Simon Agency. On May 12, 2000, Brody asked Freeman to confirm that he had notified Mount Vernon of the claim, which required additional followup letters from Brody on July 6, 2000 and August 16, 2000, neither of which was acknowledged. Brody sent copies of these letters to the Simon Agency. On or about September 7, 2000, plaintiff owner commenced the present declaratory judgment action, claiming that GDM was contractually obligated to procure insurance on plaintiff's behalf, that GDM procured the insurance through Mount Vernon, that plaintiff had demanded that Mount Vernon assume the defense and provide indemnification in the underlying personal injury action, that Mount Vernon had not disclaimed coverage, and that Mount Vernon was thus required to provide a defense. Mount Vernon, in its answer, generally denied the allegations, except to admit that at the relevant time period it insured GDM. It also claimed as affirmative defenses that it had not received notice of the claim and that policy exclusions barred the claim.

Plaintiff moved for summary judgment on the grounds noted above, and also argued that any affirmative defenses were waived because of Mount Vernon's failure to deny or disclaim coverage. In its cross motion for summary judgment, Mount

Vernon contended that the policy insured only GDM, that plaintiff was not identified thereon as either a named or an additional insured, that the certificate of insurance was not evidence of insurance coverage, that the certificate of insurance had not been issued by Mount Vernon but only by GDM's broker, and that, in any event, the certificate clearly indicated thereon that it did not extend coverage. Affidavit evidence submitted by Mount Vernon averred that Mount Vernon had not insured plaintiff and that Freeman, insofar as he was not Mount Vernon's agent, had no authority to bind Mount Vernon. Mount Vernon also noted that it had not been a party to any agreement between plaintiff and GDM, and insofar as it had not insured plaintiff, it was not obligated to provide a defense. In response, plaintiff argued that Mount Vernon, under the terms of the policy, had obligated itself to provide coverage to a class of entities that included plaintiff. In this regard, the policy obligated the carrier to defend and indemnify those parties for whom its insured was contractually obligated under an "insured contract" to indemnify for bodily injuries. It also defined an insured contract as "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for bodily injury or property damage to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement." Mount Vernon contended that the policy contained no coverage for contractual indemnity. Mount Vernon included a copy of GDM's file with the motion to indicate that no application had been made to add plaintiff as an additional insured.

Initially, it is well established that the party claiming insurance coverage bears the burden of proving entitlement, and, as we have recently held, a party that is not named an insured or an additional insured on the face of the policy is not entitled to coverage (*Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337 [2003]). Nor does the certificate of insurance in this case confer coverage. A certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists (*Buccini v 1568 Broadway Assoc.*, 250 AD2d 466 [1998]). Nor does it appear in this case that GDM's broker had the authority to bind the carrier, for which it did not act as agent, so that we would not on that basis estop the carrier from denying the existence of coverage (*compare Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.*, 151 AD2d 207 [1989]). Insofar as the claim fell outside of the policy's coverage, the carrier was not required to disclaim as to coverage that did

not exist (*cf. Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185 [2000]; *Zappone v Home Ins. Co.,* 55 NY2d 131 [1982] [no contractual relationship between claimant and carrier]; *compare Handelsman v Sea Ins. Co.*, 85 NY2d 96 [1994] [claimants were insureds under policy, but coverage for incident was potentially barred by policy exclusion; disclaimer required]). Under the facts of this case, GDM could not create rights and obligations as between plaintiff and the carrier. Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.