■ INTERNATIONAL COURIERS CORPORATION et al., Respondents, v NORTH RIVER INSURANCE COMPANY et al., Appellants-Respondents, and ASSURANCE INSURANCE COMPANY, Respondent-Appellant, et al., Defendants. [844 NYS2d 253]—

Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 10, 2006, which, to the extent appealed from, denied the motion of defendant North River Insurance Company (North River) for summary judgment and granted plaintiffs' cross motion for summary judgment to the extent of declaring that North River and defendant Assurance Insurance Company (Assurance) were obligated to provide a defense to plaintiffs International Courier Corp., and Regional Construction Corp., in the underlying action, unanimously modified, on the law, to the extent of denying plaintiffs' cross motion for summary judgment declaring that Assurance was obligated to provide a defense to plaintiffs in the underlying action, and, upon a search of the record, summary judgment granted to Assurance and it is declared that Assurance is not obligated to provide a defense in the underlying action, and otherwise affirmed, without costs.

The possibility that North River's insured could be found liable for the injury to the plaintiff in the underlying action arising from a construction site accident establishes that the court properly declared that North River was required to defend plaintiffs in that action. The ultimate validity of the allegations in the underlying complaint is irrelevant inasmuch as "the duty to defend arises not from the probability of recovery, but from its possibility, no matter how remote" (*American Home Assur. Co. v Port Auth. of N.Y. & N.J.*, 66 AD2d 269, 278 [1979]; *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648 [1993]).

However, we modify to the extent of vacating that part of the motion court's decision to grant summary judgment to plaintiffs on their claim against Assurance, and, upon a search of the record, we conclude that Assurance is entitled to summary judgment declaring that it has no obligation to provide a defense in the underlying action. The unambiguous language of the Assurance policy comports with its position that plaintiffs are not covered under the policy, either as named or additional insureds (*see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33 [1979], *affd* 49 NY2d 924 [1980]; *Sixty Sutton Corp. v Illinois Union Ins. Co.*, 34 AD3d 386 [2006]). That the certificate of insurance named plaintiffs as additional insureds is not sufficient to confer coverage in light of the clear language of the policy (*id.* at 389; *see also Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200 [2004]). Although Assurance's insured, Target Group of Central New York (Target), breached

its obligation to provide plaintiffs with insurance coverage, plaintiffs obtained their own policies, and accordingly, Target is only required to reimburse them for their out-of pocket expenses (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111 [2001]).

We have considered the parties' remaining contentions for affirmative relief, including North River's argument that plaintiffs' cross motion was untimely, and find them unavailing. Concur—Lippman, P.J., Andrias, Williams, Buckley and Kavanagh, JJ.