■ METROPOLITAN HEAT & POWER CO., INC., Appellant, v AIG CLAIMS SERVICES, INC., et al., Respondents, et al., Defendants. [850 NYS2d 142]—

In an action, inter alia, for a judgment declaring that the defendants AIG Claims Services, Inc., and Tower Insurance Company of New York are required to defend and indemnify the plaintiff for any claims asserted against it arising from losses sustained on June 7, 2002, at 208 West 29th Street in the City of New York, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 28, 2006, as amended by an order dated July 19, 2006, which granted those branches of the separate motions of the defendant AIG Claims Services, Inc., and the defendant Tower Insurance Company of New York which were for summary judgment declaring that they were not obligated to defend or indemnify the plaintiff, and denied those branches of the plaintiff's cross motion which were for summary judgment declaring that those defendants were so obligated.

Ordered that the order, as amended, is affirmed, with one bill of costs.

The plaintiff contracted to provide and install a new boiler in a commercial building. It then arranged to purchase the boiler from the defendants A. L. Eastmond & Sons, Inc., and Easco Boiler Corp. (hereinafter collectively Easco) and to have Easco install it. The boiler required two to four days of assembly at

the work site by Easco employees. On the second day of the installation process, an Easco employee allegedly caused an explosion and fire while connecting a welder to an electrical source, with resultant injuries and damages.

The plaintiff's insurer, the defendant Tower Insurance Company of New York (hereinafter Tower) disclaimed coverage for all claims asserted against the plaintiff, in reliance upon an exclusion in the policy for damages "arising out of operations performed for any insured by independent contractors." Easco's insurer, the defendant AIG Claims Services, Inc. (hereinafter AIG), also denied coverage, as the plaintiff was not explicitly listed as a named or additional insured on Easco's policy with AIG (hereinafter the AIG policy). AIG also asserted that the plaintiff was not covered as an additional insured by virtue of the policy language providing for such coverage where the contract with the policyholder required the policyholder to include as an additional insured the other party or parties to that contract (hereinafter the Easco provision).

"Generally, it is for the insured to establish coverage and for the insurer to prove that an exclusion in the policy applies to defeat coverage" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 218 [2002]). Contrary to the plaintiff's contentions Easco was clearly an independent contractor. It performed the work according to its own methods without being subject to the plaintiff's control, except as to the product or result of its work (*see Matter of Beach v Velzy*, 238 NY 100, 103 [1924]; *Favale v M.C.P. Inc.*, 125 AD2d 536, 536 [1986]; *G.D. Searle & Co. v Medicore Communications, Inc.*, 843 F Supp 895, 904-905 [1994]). The record also showed that Easco did not merely supply the boiler, but assumed performance of part of the contract by providing labor and services at the work site (*cf. A & J Buyers v Johnson, Drake & Piper*, 25 NY2d 265, 271-272 [1969]). In response to this showing by Tower that it properly relied upon the policy exclusion for independent contractors to disclaim coverage, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted summary judgment to Tower (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

AIG also made out a prima facie case showing that the plaintiff was not covered under the AIG policy. The policy does not name the plaintiff as an insured or an additional insured, and the plaintiff does not allege that it was named as an insured or explicitly added as an additional named insured on the AIG policy.

In response, the plaintiff failed to offer sufficient evidentiary

proof to show the existence of a triable issue of fact as to its entitlement to coverage under the Easco provision. Moreover, contrary to the plaintiff's contention, Easco's certificate of insurance, which stated that it was issued as a matter of information only, was insufficient to do so and in any event conferred no rights upon the plaintiff as the certificate holder (*see Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200 [2004]; *Progressive Cas. Ins. Co. v Yodice*, 276 AD2d 540, 542-543 [2000]; *Penske Truck Leasing Co. v Home Ins. Co.*, 251 AD2d 478, 479 [1998]). Accordingly, the Supreme Court also correctly awarded summary judgment to AIG declaring that it was not obligated to defend or indemnify the plaintiff (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Crane, J.P., Rivera, Florio and Balkin, JJ., concur.