■ KERMANSHAH ORIENTAL RUGS, INC., Plaintiff, v MICHAEL GOLLENDER et al., Defendants, P.C. RICHARD & SON, LLC, et al., Appellants, and SPIRIT DELIVERY & DISTRIBUTION SERVICES, INC.,

et al., Respondents. THE SOMPO JAPAN INSURANCE COMPANY OF AMERICA, as Subrogee of KERMANSHAH ORIENTAL RUGS, INC., Plaintiff, v SHIREWEIL, INC., et al., Defendants, P.C. RICHARD & SON, LLC, et al., Appellants, and SPIRIT DELIVERY & DISTRIBUTION SERVICES, INC., et al., Respondents. [850 NYS2d 47]—

Orders, Supreme Court, New York County (Louis B. York, J.), entered November 3 and 24, 2006, which, to the extent appealed from as limited by the briefs, dismissed defendant P.C. Richard's cross claims (formerly third-party claims) against defendants Spirit Delivery & Distribution Services, DeMoura and Rolim & Santos Home Delivery Co., unanimously modified, on the law, those cross claims reinstated and summary judgment granted to P.C. Richard on its cross motion and motion therefor, and otherwise affirmed, without costs, and the matters remanded for further proceedings in accordance herewith. Appeals from orders, same court and Justice, entered February 23, May 25 and May 31, 2006, unanimously dismissed, without costs, as superseded by appeals from the November 2006 orders.

Plaintiff Kermanshah, the operator of a retail establishment involved in buying and selling oriental rugs, purportedly sustained damage to its property as a result of a water leak. Even though Kermanshah alleged that the leak had been caused by the installation of a washing machine by tenants in the building, it sued not only those tenants but also the owner of the building, the retail seller of the appliance (P.C. Richard), and the entities responsible for its delivery and installation (collectively referred to as the Spirit defendants). After Kermanshah recovered payment for its loss from its insurer, Sompo Japan Insurance Company, the latter brought suit against the same defendants for recovery. In addition to dismissing summarily the complaints and all cross claims against P.C. Richard and the Spirit defendants, the court also dismissed P.C. Richard's cross claims and denied its requests for summary judgment for contractual indemnification and for damages for the Spirit defendants' failure to obtain required insurance.

Pursuant to its agreement with the retailer, Spirit was required to "indemnify and hold P.C. harmless from any claim or loss to persons or property which is alleged to be caused by, or in connection with Spirit's performance of its duties under

this Agreement, including all cost related thereto, and including attorney's fees and court costs." Paragraph 10 of the agreement further required Spirit to obtain insurance on behalf of P.C. Richard. Furthermore, under its subcontract with Spirit, defendant Rolim & Santos Home Delivery Co. agreed to indemnify any of Spirit's clients against "any and all losses, suits, actions, debts, claims, demands, damages" due to "any negligence, act, or omission of" Rolim & Santos.

The court found no indication of any negligence on P.C. Richard's part, thus entitling it to contractual indemnification from Spirit and, as a client thereof, also from Rolim & Santos (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]). As for Spirit's agreement to procure insurance on behalf of P.C. Richard, while it is undisputed that the Spirit defendants attached a certificate of insurance to their opposition papers, a "certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists" (*Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200 [2004]). Spirit has not challenged P.C. Richard's claim that such insurance was never actually obtained.

Spirit's arguments of lack of privity with the cross claimants as denominated herein and the applicability of New Jersey law in construing this contractual provision are raised for the first time on appeal, and thus have not been preserved for our review. Were we to consider these arguments, we would find them without merit. Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.