■ NICOTRA GROUP, LLC, Respondent, et al., Plaintiff, v AMERICAN SAFETY INDEMNITY COMPANY et al., Respondents, and RUSSO PICCIURRO MALOY, LLC, Defendant and Third-Party Plaintiff-Appellant. BUCKINGHAM BADLER ASSOCIATES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [850 NYS2d 455]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered October 3, 2006, which, to the extent appealed from, denied the cross motion of defendant/third-party plaintiff Russo Picciurro Maloy (RPM) for summary judgment, and granted the motion of third-party defendant Buckingham Badler Associates, Inc. (BBA) and the cross motions of defendants American Safety Indemnity Company, Markel Insurance Company, Hanover Insurance Company, and American Guarantee & Liability Insurance Company, sued herein as Zurich America Insurance Company, for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Order, same court and Justice, entered May 18, 2007, which granted plaintiff Nicotra Group, LLC's motion for reargument and, upon reargument, granted Nicotra's motion for summary judgment on its claim against RPM, unanimously affirmed, without costs.

Contrary to RPM's contention, Nicotra was not afforded "additional insured" status under the insurance policies issued by Hanover and American Guarantee to the construction manager for the Hilton Hotel project. No written contract was ever entered into whereby the construction manager agreed to insure Nicotra with respect to the former's work at the project. The only document relating to the work to be performed by the construction manager was a letter proposal, which was never signed by Nicotra and therefore does not qualify as a "written contract" that was "executed" prior to the "bodily injury," within the meaning of the policies (*see National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 570,

571 [2006]). Furthermore, the letter proposal did not require that Nicotra be named as an additional insured on the construction manager's policy. In the policies, an additional insured is defined as a person or organization whom the named insured agreed, pursuant to a written contract, to name as an additional insured.

Nor did the certificate of insurance confer additional insured status (*see Moleon v Kreisler Borg Florman Gen. Constr. Co.,* 304 AD2d 337, 339 [2003]).

The record demonstrates that RPM, Nicotra's broker, and not BBA, the wholesale broker through which RPM placed coverage, was responsible for the failure to place the coverage. Upon the lapse of a prior policy issued by Zurich to cover the construction of the hotel, RPM sought to add the remainder of the hotel construction to a policy issued by American Safety in connection with the construction of an adjacent office building. American Safety agreed to add the hotel construction for an additional premium and issued a policy change endorsement to that effect. RPM, however, was unwilling to pay an additional premium and returned the endorsement to BBA "for flat cancellation," pursuant to which American Safety cancelled the endorsement. In light of the testimony of RPM witnesses that "flat cancellation" is a term of art in insurance meaning cancellation of a policy or endorsement as of its effective date, BBA was carrying out RPM's orders. Furthermore, on this record, the testimony of RPM's commercial lines manager that his contact at BBA assured him that his spoken request to remove the additional premium was "being processed" and that he would be advised of its status does not raise an issue of fact.

We have considered and rejected RPM's remaining contentions. Concur—Mazzarelli, J.P., Saxe, Friedman, Catterson and Acosta, JJ.