■ ANTHONY MATTHEWS et al., Respondents, v TRUMP 767 FIFTH AVENUE, LLC, et al., Respondents-Appellants, and OTIS ELEVATOR COMPANY, Respondent, et al., Defendant. TRUMP 767 FIFTH AVENUE, LLC, et al., Third-Party Plaintiffs-Respondents-Appellants, v TRIANGLE SERVICES, INC., Third-Party Defendant-Appellant-Respondent. [858 NYS2d 20]—

Orders, Supreme Court, New York County (Carol R. Edmead, J.), entered February 2 and July 17, 2007, which, in an action by a window washer, employed by third-party defendant Triangle, for personal injuries sustained while working on a powered work platform, maintained by defendant Otis and known as a Wall Glider, at a high-rise building owned and managed by the Trump defendants (collectively Trump), inter alia, upon motions for summary judgment, dismissed plaintiff's cause of action under Labor Law § 200 as against Otis and sustained it as against Trump, denied Trump's motion for summary judgment on its cause of action against Triangle for contractual indemnification, dismissed Trump's causes of action against Triangle for contribution and common-law indemnification, and dismissed Trump's causes of action against Otis for contribution and contractual and common-law indemnification, unanimously affirmed, without costs.

We note that it is Triangle, not plaintiff, who is appealing the

dismissal of plaintiff's negligence claim against Otis. Otis made a prima facie showing that the Wall Glider was operating properly on the day of the accident, based on the testimony of plaintiff, Otis's resident mechanic, and Otis's expert (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712 [2005]). Plaintiff's assertions that the platform's armatures had a history of disengaging from the indented vertical mullions in windy conditions or because of weight distribution and other problems, do not implicate any specific negligent acts on the part of Otis (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 224 [2003], *lv denied* 100 NY2d 508 [2003]); Trump's own witness asserted that the mullions are permanently affixed to the building and were not maintained by Otis as part of the Wall Glider equipment. Nor was Otis under an obligation to provide an anemometer. The Trump/Otis contract was limited to maintenance and excluded the provision of "major parts such as, but not limited to, gearing, ropes, brakes, armatures, etc." Thus, it was Triangle's or Trump's responsibility, not Otis's, to supervise the work of the window washers and supply them with equipment.

Trump's argument that it cannot be held liable in negligence because the method used by plaintiff to reengage the armature into the mullion was improper, unforeseeable and the sole proximate cause of his back injury, and also because Trump did not have actual or constructive notice of the platform's arms disengaging from the mullions, is rebutted by the testimony of Trump's handyman that the mullions were wavy, that it was Trump's responsibility to maintain them, and that the arms disengaged due to windy conditions on several occasions when he rode the Wall Glider. Also on the basis of this handyman's testimony that he employed the same method as plaintiff when the arms disengaged from the mullions, it cannot be said, as a matter of law, that plaintiff's method was so unforeseeable as to constitute the sole and superseding cause of his injuries (*see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]).

For this same reason, i.e., the existence of an issue of fact as to Trump's negligence in maintaining the mullions, Trump's motion for summary judgment on its claim against Triangle for contractual indemnification was properly denied (*see Linarello v City Univ. of N.Y.*, 6 AD3d 192, 194 [2004]). Trump's claim for common-law indemnification against Otis was properly dismissed given no evidence that Otis had notice of, or was responsible for causing, the disengagement of the platform's arm from the mullion (*see Reilly v DiGiacomo & Son*, 261 AD2d 318 [1999]). Because such disengagement did not implicate any functions to be performed by Otis under its contract with

Trump, Trump's claim against Otis for contractual indemnification was also properly dismissed.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ. [*See* 2007 NY Slip Op 32123(U).]