■ ALIB, Inc., et al., Appellants, v ATLANTIC CASUALTY INSURANCE COMPANY et al., Respondents, et al., Defendants. [861 NYS2d 28]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered July 20, 2007, which, in a declaratory judgment action seeking a declaration and damages with respect to obligations under an insurance policy, granted the motion of defendant Roger Metzger Associates, Inc. (RMA) pursuant to CPLR 3211 (a) (7) to dismiss the complaint as against it, granted the cross motion of defendant Atlantic Casualty Insurance Company (Atlantic) for summary judgment dismissing the complaint as against it, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff ALIB, Inc. was not afforded additional insured status under the insurance policy issued by Atlantic to AFA Construction Co., where the written contract entered into between AFA and ALIB did not require AFA to name ALIB as an additional insured, as required by the subject policy (*see Nicotra Group, LLC v American Safety Indem. Co.*, 48 AD3d 253, 254 [2008]). Nor did the certificate of insurance, which contained the disclaimer that it was "issued as a matter of information only and confers no rights upon the certificate holder" and that it did not "amend, extend or alter the coverage afforded" by the subject policy, confer additional insured status (*id.*; *see Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [2003]), even if assurances were provided that ALIB was an additional insured (*see American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 423-424 [1998]).

Furthermore, even if there was coverage, the claim is barred by the policy's employee exclusionary clause (*see Moleon*, 304 AD2d at 339-340 [2003]), and contrary to plaintiffs' contention, the record shows that Atlantic's disclaimer, issued 20 days after receiving notice of the claim, was timely (*see Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40, 44-45 [2002]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Lippman, P.J., Tom, Andrias and Saxe, JJ.