■ ILLINOIS NATIONAL INSURANCE COMPANY et al., Appellants, v AMERICAN ALTERNATIVE INSURANCE CORPORATION, Respondent. [872 NYS2d 26]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 1, 2007, which granted plaintiffs' motion for reargument of their motion for summary judgment and, upon reargument, adhered to a prior order and judgment (one paper), same court and Justice, entered May 9, 2007, denying plaintiffs' motion and granting defendant's cross motion for summary judgment declaring that it has no obligation to defend or indemnify plaintiffs in the underlying personal injury action, unanimously affirmed, without costs.

The insurance contract issued by defendant to the nonparty asbestos abatement subcontractor includes as an insured "any

person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." Plaintiffs concede that the subcontractor's contract with the city plaintiffs' general contractor does not contain an agreement that the city parties be named as additional insureds. Contrary to their contention, the provision in the bid documents of plaintiff New York City School Construction Authority stating that the performance of asbestos abatement work "shall be governed by" certain terms and conditions, among which was a requirement to name the city plaintiffs as additional insureds, does not constitute an "agree[ment] [between the subcontractor and the city plaintiffs] in writing in a contract or agreement that [the latter] be added as an additional insured on [the former's] policy."

The certificate of insurance generated by the subcontractor's broker, by its terms, confers no rights upon the certificate holder (*see Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [2003]). Concur—Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ.