■ WEST 64TH STREET, LLC, et al., Appellants, v AXIS U.S. INSURANCE et al., Respondents, et al., Defendants. [882 NYS2d 22]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 22, 2008, which granted defendants-respondents' motion to dismiss the complaint and all cross claims against them, and declared that they have no obligation to defend or indemnify plaintiffs in connection with an underlying personal injury/Labor Law action, unanimously affirmed, with costs.

The motion court properly granted defendant insurers' motion to dismiss pursuant to CPLR 3211 (a) (1) since the documentary evidence submitted in support of the motion "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff[s'] claim" (*Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [2002] [internal quotation marks omitted]; *see GuideOne Specialty Ins. Co. v Admiral Ins. Co.*, 57 AD3d 611 [2008]). The court was not required "to accept at face value every conclusory, patently unsupportable assertion of fact" found in the complaint, but could consider documentary evidence, proved or conceded to be authentic (*Four Seasons Hotels v Vinnik*, 127 AD2d 310, 318 [1987]).

Defendant insurers established that the blanket additional insured endorsement in the policy issued to plaintiffs' maintenance contractor provided coverage to any person or organization "that the insured is required by written contract to name as an additional insured," and that the contract between plaintiffs and the maintenance contractor did not contain such

a requirement. Thus, plaintiffs were not additional insureds under the policy (*see ALIB, Inc. v Atlantic Cas. Ins. Co.*, 52 AD3d 419 [2008]; *Nicotra Group, LLC v American Safety Indem. Co.*, 48 AD3d 253, 254 [2008]). The documentary evidence submitted by plaintiffs, including a certificate of insurance issued the same day as the accident giving rise to the underlying personal injury action, did not confer coverage, bring plaintiffs within the additional insured coverage afforded by the policy, or otherwise raise any factual issue which would warrant denial of the motion (*see Kermanshah Oriental Rugs, Inc. v Gollender*, 47 AD3d 438, 440 [2008]; *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200 [2004]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 30146(U).]