■ School Construction Consultants, Inc., Plaintiff, v ARA Plumbing & Heating Corp. et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. Arch Specialty Insurance Company, Third-Party Defendants-Respondents. [882 NYS2d 227]—

In an action, inter alia, for a judgment declaring that the defendants third-party plaintiffs ARA Plumbing & Heating Corp. and QBE Insurance Corporation are obligated to defend

and indemnify the plaintiff in an action entitled *Uzzi v Sachem Cent. School Dist.,* pending in the Supreme Court, Suffolk County, under index No. 04/26703, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated May 20, 2008, which granted the motion of the third-party defendants pursuant to CPLR 3211 (a) (1) to dismiss the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the fourth cause of action of the third-party complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the contention of the defendants third-party plaintiffs ARA Plumbing & Heating Corp. (hereinafter ARA) and QBE Insurance Corporation (hereinafter QBE), the Supreme Court properly granted those branches of the motion of the third-party defendants Arch Specialty Insurance Company (hereinafter Arch) and Federal Sprinkler Corp. (hereinafter Federal) pursuant to CPLR 3211 (a) (1) which were to dismiss the first, second, and third causes of action of the third-party complaint based on documentary evidence. The documents submitted by Arch and Federal in support of the motion, consisting of the subcontract between ARA and Federal and the liability insurance policy issued by Arch pursuant thereto, sustained the movants' burden of conclusively establishing a defense to those causes of action (*see generally Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Fortis Fin. Servs. v Fimat Futures USA,* 290 AD2d 383 [2002]; *Scadura v Robillard,* 256 AD2d 567 [1998]), by demonstrating that Arch and Federal were neither contractually obligated to provide insurance coverage to the plaintiff nor in fact provided such coverage (*see e.g. Sixty Sutton Corp. v Illinois Union Ins. Co.,* 34 AD3d 386, 388 [2006]; *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.,* 5 AD3d 198, 200 [2004]). In this regard, the certificate of insurance listing the plaintiff as an additional insured was insufficient to alter the language of the policy itself, especially since the certificate recited that it was for informational purposes only, that it conferred no rights upon the holder, and that it did not amend, alter, or extend the coverage afforded by the policy (*see Illinois Natl. Ins. Co. v American Alternative Ins. Corp.,* 58 AD3d 537, 538 [2009]; *Home Depot U.S.A., Inc. v National Fire & Mar. Ins. Co.,* 55 AD3d 671, 673 [2008]; *ALIB, Inc. v Atlantic Cas. Ins. Co.,* 52 AD3d 419 [2008]; *Nicotra Group, LLC v American Safety Indem. Co.,* 48 AD3d 253, 254 [2008]; *Metropolitan Heat &*

*Power Co., Inc. v AIG Claims Servs., Inc.,* 47 AD3d 621 [2008]; *International Couriers Corp. v North Riv. Ins. Co.,* 44 AD3d 568, 569 [2007]; *Moleon v Kreisler Borg Florman Gen. Constr. Co.,* 304 AD2d 337, 339 [2003]).

However, the fourth cause of action of the third-party complaint does not concern the procurement of appropriate liability coverage, but instead seeks contractual indemnification for ARA based upon an independent "hold harmless" provision in its subcontract with Federal. Since the motion by Arch and Federal did not specifically address this cause of action, and the documents they submitted did not conclusively demonstrate that it should be dismissed, the Supreme Court erred in granting the motion to this extent. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.