■ B.R. FRIES & ASSOCIATES, LLC, et al., Respondents, v ILLINOIS UNION INSURANCE COMPANY et al., Appellants, et al., Defendants. [934 NYS2d 10]—

Defendants contend that this action should be dismissed because plaintiffs sustained no damages, since Zurich paid all their legal fees and expenses in the underlying personal injury action. Under the circumstances, forcing Zurich to commence another action in its own name would not "secure the just, speedy and inexpensive determination" of this action (see CPLR 104). We note that the policy that Zurich issued to plaintiff Fries states that if Zurich's insurance is excess but no other insurer defends Fries and its additional insureds, Zurich will defend, but it "will be entitled to the insured's rights against" the nondefending insurers. The policy also states, "If the insured has rights to recover all or part of any payment we [Zurich] have made . . . , those rights are transferred to us . . . At our request, the insured will bring 'suit' or transfer those rights to us and help us enforce them."

Plaintiffs 168 Jamaica and 166 Jamaica are not entitled to defense or indemnification under the policies. Defendants' additional insured endorsements cover organizations required by contract with the named insureds. The contracts of defendants' named insureds require plaintiffs Fries, Home Depot, "and all other parties required of [Fries]" to be included as additional insureds. Plaintiffs presented no evidence that Fries was required to include either 168 or 166 Jamaica as an additional insured. Nor are the Jamaica LLCs included as "Owners." The contracts between Fries and defendant J.C. Steel Corp. (Illinois's insured) and between Fries and defendant Atlas Concrete Construction Corp. (Virginia's insured) define "Owner" as Home Depot. Since the denial of coverage was based on lack of coverage pursuant to the additional insured endorsement, Illinois was not required to issue a timely disclaimer (Hunter Roberts Constr. Group, LLC v Arch Ins. Co., 75 AD3d 404, 407 [2010]; see also e.g. Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 700 [1980] ["the defense of noncoverage . . . is never waived by a failure to assert it in a notice of disclaimer"]).

Virginia Surety has no duty under its policy to defend Fries and Home Depot as additional insureds. Under the liability policy it issued to Atlas—the contractor that performed the concrete work for the project—additional insureds are covered only to the extent liability arises out of Atlas's work. Plaintiffs' interpretation of Virginia's policy, to the effect that it creates additional insured coverage "as required by written contract" without limitation, would leave the endorsement captioned "Additional Insured—Owners, Lessees or Contractors—(Form B)" without force and effect. The interpretation offered by Virginia Surety gives meaning to both that endorsement and endorse-

ment IL 12 01 11 85 (*see Consolidated Edison Co. of N.Y. v All-state Ins. Co.*, 98 NY2d 208, 221-222 [2002]). Not only was it ultimately determined that there was no liability arising out of Atlas's work, but there was nothing in the underlying complaint to justify any inference that liability might arise out of Atlas's work. The bare mention of anchor bolts in the bill of particulars in the underlying personal injury action was insufficient.

The record does not demonstrate that Illinois Union failed to disclaim on the ground that plaintiffs failed to cooperate in its investigation and thereby waived the defense (*see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449-450 [2008]). However, Illinois Union did not satisfy its heavy burden of establishing that plaintiffs wilfully failed to cooperate (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]). For instance, it failed to demonstrate that it made the requisite efforts to bring about Zurich's cooperation with respect to the conflict of interest issue (*see Thrasher*, 19 NY2d at 168), since there is no indication that during the four months between March 7, 2007 (when Zurich suggested to Illinois that there was a conflict of interest in having the same lawyer represent both Fries and Home Depot) and July 6, 2007 (when Illinois threatened to disclaim for lack of cooperation), Illinois ever asked Zurich to explain the claimed conflict of interest. Similarly, with respect to Zurich, Fries and Home Depot's alleged refusal to turn over files, Illinois Union failed to show that it made efforts to respond to the additional insureds' expressed hesitations or concerns.

We reject defendants' contentions that the claimed legal fees were unreasonable, that the special referee improperly determined the reasonableness of the fees, and that Zurich acted as a volunteer.

Finally, to the extent the determination of Zurich's entitlement to reimbursement for its defense costs includes the charges for counsel for the Jamaica LLCs, the total must be reduced by that amount since 168 Jamaica and 166 Jamaica are not entitled to defense or indemnification under the policies. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ.