■ THREE BOROUGHS, LLC, Respondent-Appellant, v ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, Appellant-Respondent. [38 NYS3d 421]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered January 22, 2016, which denied defendant insurer's motion for summary judgment seeking a declaration that plaintiff is not a named insured or additional insured under the policy issued to plaintiff's general contractor, and that de-

fendant is not obligated to defend or indemnify plaintiff in the underlying personal injury action, and denied plaintiff's cross motion for summary judgment seeking a coverage declaration, or alternatively, a declaration that the defendant insurer is estopped from disclaiming coverage, unanimously modified, on the law, to grant defendant insurer's motion for summary judgment to the extent of declaring that it has no obligation to defend or indemnify plaintiff in the underlying personal injury action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment so declaring.

Since "[d]efendant insurers established that the blanket additional insured endorsement in the policy issued to plaintiffs' maintenance contractor provided coverage to any person or organization 'that the insured is required by written contract to name as an additional insured,' and that the contract between plaintiffs and the maintenance contractor did not contain such a requirement," plaintiff is not an additional insured under the policy (*West 64th St., LLC v Axis U.S. Ins.*, 63 AD3d 471, 471-472 [1st Dept 2009]; *ALIB, Inc. v Atlantic Cas. Ins. Co.*, 52 AD3d 419, 419 [1st Dept 2008]; *Nicotra Group, LLC v American Safety Indem. Co.*, 48 AD3d 253, 254 [1st Dept 2008]). Moreover, the certificate language stating that "this certificate is issued as a matter of information only and confers no rights upon the certificate holder [and that] this certificate does not amend, extend or alter the coverage afforded by the policies," was insufficient to establish additional insured status under the policy (*ALIB, Inc.*, 52 AD3d at 419; *Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [1st Dept 2003]; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 423-424 [2d Dept 1998]).

The record establishes that the contractor's broker lacked the authority to bind the carrier (*Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 199-200 [1st Dept 2004]). Thus, the defendant insurer here cannot be estopped on the basis of an inadequate disclaimer, since "[a]n additional insured endorsement is an addition, rather than a limitation, of coverage" (*National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 570, 571 [1st Dept 2006], citing *Consolidated Edison Co. of N.Y. v Hartford Ins. Co.*, 203 AD2d 83, 84 [1st Dept 1994]; *see also B.R. Fries & Assoc., LLC v Illinois Union Ins. Co.*, 89 AD3d 619, 621 [1st Dept 2011]; *Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 AD3d 404, 407 [1st Dept 2010]). In any event, plaintiff is unable to demonstrate prejudice, as the disclaimer letter clearly stated that plaintiff did not qualify as an additional insured under

the policy, and set forth the endorsement language upon which the insurer relied (*see Bellefonte Re-Insurance Co. v Volkswagenwerk AG*, 102 AD2d 753 [1st Dept 1984]). Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.