■ EMILIO NUNEZ, Respondent, v PARK PLUS, INC., Respondent/Third-Party Plaintiff-Respondent, and DESOTO PARKING, LLC, Appellant/Third-Party Defendant-Appellant. LITTLE MAN PARKING, LLC, Third-Party Defendant. [45 NYS3d 49]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 30, 2015, which to the extent appealed from as limited by the briefs, denied defendant DeSoto Parking, LLC's motion for summary judgment dismissing plaintiff's complaint on the ground that it was barred by the Workers' Compensation Law, unanimously affirmed, without costs.

Plaintiff was employed by third-party defendant Little Man Parking, LLC at a lot owned by defendant-third party defendant DeSoto Parking, LLC. Plaintiff was injured when a mechanical lift holding a parked car landed on his foot, resulting in the amputation of his toe.

The motion court correctly concluded that plaintiff did not suffer a grave injury within the meaning of Workers' Compensation Law § 11. Consequently, he cannot maintain an action against his employer. However, there are issues of fact concerning whether DeSoto was the alter ego of plaintiff's employer, third-party defendant Little Man Parking, LLC (*see Carty v East 175th St. Hous. Dev. Fund Corp.*, 83 AD3d 529 [1st Dept 2011]), sufficient to warrant denial of DeSoto's motion for summary judgment. In addition, there exists, at the very least, a question of fact concerning whether there was a written agreement in place for DeSoto to indemnify third-party plaintiff Park Plus, Inc., the lift owner (*see Baginski v Queen Grand Realty, LLC*, 68 AD3d 905 [2d Dept 2009]).

The motion court also properly determined that DeSoto failed to establish a prima facie case concerning whether plaintiff was its special employee (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.