# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**324**
**CA 16-01042**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

LANDSMAN DEVELOPMENT CORP., PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

RLI INSURANCE COMPANY, GARY MILITELLO,
DEFENDANTS-RESPONDENTS,
AND TECHNOLOGY INSURANCE COMPANY,
DEFENDANT-APPELLANT.
-------------------------------------------------
RLI INSURANCE COMPANY, THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

TECHNOLOGY INSURANCE COMPANY, THIRD-PARTY
DEFENDANT-APPELLANT.

---

RUSSO & TONER, LLP, NEW YORK CITY (STEVEN R. DYKI OF COUNSEL), FOR
DEFENDANT-APPELLANT AND THIRD-PARTY DEFENDANT-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (TIMOTHY E. DELAHUNT OF
COUNSEL), FOR DEFENDANT-RESPONDENT AND THIRD-PARTY PLAINTIFF-
RESPONDENT RLI INSURANCE COMPANY.

---

Appeal from an order of the Supreme Court, Monroe County (Ann
Marie Taddeo, J.), entered August 13, 2015. The order, inter alia,
denied the motion of defendant-third-party defendant for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting defendant-third-party
defendant's motion insofar as it sought a declaration and granting
judgment in favor of defendant-third-party defendant as follows:

> It is ORDERED, ADJUDGED AND DECLARED that defendant-
> third-party defendant has no obligation to defend or
> indemnify plaintiff in the underlying action,

and as modified the order is affirmed without costs.

Memorandum: Plaintiff Landsman Development Corp. (Landsman) and
defendant-third-party plaintiff RLI Insurance Company (RLI) commenced
their respective actions seeking, inter alia, a declaration that
defendant-third-party defendant Technology Insurance Company

(Technology) is obligated to defend and indemnify Landsman as an additional insured in the underlying personal injury action. Technology moved for summary judgment, asserting that it has no obligation to defend or indemnify Landsman because Landsman does not qualify as an additional insured under the policy. Supreme Court granted the motion. RLI subsequently moved for leave to reargue the motion, which the court granted. Upon reargument, the court reinstated the amended complaint and the third-party complaint against Technology. We conclude that Technology is entitled to a declaratory judgment, and we therefore modify the order accordingly.

In the underlying action, on September 2, 2010, Gary Militello was injured in a scaffold collapse at property owned by Landsman during the course of his employment with Landsman Building Services Group, Inc. (BSG). Landsman had hired BSG to perform certain interior renovations to part of a building known as the Former Bond Clothing Plant, which had been leased to the Rochester City School District. Militello thereafter commenced an action against Landsman, which was insured by RLI. BSG was insured by Technology, and the Technology policy had an additional insured endorsement, which provided that an insured shall include as an additional insured the persons or organizations shown in the schedule. The schedule stated: "[b]lanket as required by written contract."

Here, there was no "written contract" between BSG and Landsman at the time of the accident on September 2, 2010, and we therefore agree with Technology that Landsman does not qualify as an additional insured under the Technology policy (*see Nicotra Group, LLC v American Safety Indem. Co.*, 48 AD3d 253, 253-254; *National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 570, 571). The only "written contract" relating to additional insured coverage was executed on December 8, 2014, almost four years after the underlying accident. RLI contends that the written contract dated December 8, 2014, simply memorialized a preaccident mutual understanding between Landsman and BSG. We reject that contention inasmuch as any such oral mutual understanding does not constitute a written contract in effect at the time of the accident (*see Nicotra Group, LLC*, 48 AD3d at 253-254; *National Abatement Corp.*, 33 AD3d at 571).

We also agree with Technology that the certificates of insurance in Landsman's possession in February 2010 did not confer additional insured status. "It is well established that a certificate of insurance, by itself, does not confer insurance coverage, particularly [where, as here,] the certificate expressly provides that it 'is issued as a matter of information only and confers no rights upon the certificate holder [and] does not amend, extend or alter the coverage afforded by the policies' " (*Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co.*, 74 AD3d 1751, 1753). " 'A certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists' " (*id.*). "Nevertheless, an insurance company that issues a certificate of insurance naming a particular party as an additional insured may be estopped from denying

coverage to that party where the party reasonably relies on the certificate of insurance to its detriment" (*id.*).  "For estoppel based upon the issuance of a certificate of insurance to apply, however, the certificate must have been issued by the insurer itself or by an agent of the insurer" (*id.*).

Here, Technology established on its motion that neither it nor an authorized agent issued the certificates of insurance, and RLI failed to raise a triable issue of fact (*see Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200-201).

In view of the foregoing, Technology's remaining contention is moot.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court