■ John J. Clavin, Plaintiff, v CAP Equipment Leasing Corporation, Respondents. CAP Equipment Leasing Corporation et al., Third-Party Plaintiffs-Respondents, v Schiavone Construction Corporation et al., Third-Party Defendants-Appellants. [66 NYS3d 470]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered December 14, 2015, which, to the extent appealed from, denied third-party defendants' cross motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and the third-party claims dismissed in their entirety. The Clerk is directed to enter judgment accordingly.

The third-party claims for common law indemnification and contribution cannot be sustained against plaintiff's employer, since plaintiff's medical records clearly show that he did not sustain a "grave injury" as defined in Workers' Compensation Law § 11 (*see Castro v United Container Mach. Group*, 96 NY2d 398, 400 [2001]; *Nunez v Park Plus, Inc.*, 146 AD3d 488, 489 [1st Dept 2017]).

The motion court should have dismissed CAP Rents' third-party claim for contractual indemnification. General Obliga-

tions Law § 5-322.1 prohibits "indemnity agreements in which owners or contractors sought to pass along the risks for their own negligent actions to other contractors or subcontractors" (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997] [emphasis omitted], quoting *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180 [1990]).

The sole potential basis for liability against the contractual indemnitee CAP Rents is for common-law negligence. If CAP Rents was found to be negligent at trial, the indemnification clause would become unenforceable under General Obligations Law § 5-322.1, since it would indemnify CAP Rents for its own negligence (*Itri Brick*, 89 NY2d at 794). Alternatively, if CAP Rents were found not negligent, there would be no basis to seek contractual indemnification. Because there is no outcome that would entitle CAP Rents to contractual indemnification, summary judgment is warranted (*Williams v 7-31 Ltd. Partnership*, 54 AD3d 586 [1st Dept 2008]).

The motion court erred in sustaining CAP Rents' third-party claim for failure to procure insurance as against Schiavone. A reservation contract for the lease of construction equipment will not require the procurement of additional insured coverage "unless such a requirement is expressly and specifically stated" (*Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2d Dept 2003]; *see also Marquez v L & M Dev. Partners, Inc.*, 141 AD3d 694, 701 [2d Dept 2016]). Schiavone has met its burden on summary judgment of showing that the reservation contract did not require Schiavone to name CAP Rents as an additional insured. The insurance procurement provision at issue states that Schiavone is to procure insurance "for the benefit of" CAP Rents. There is no other provision in the reservation contract naming CAP Rents as an additional insured. Absent any express and specific language requiring that CAP Rents be named as an additional insured, the reservation contract at issue does not require that Schiavone procure additional insured coverage.

CAP Equipment Leasing Corporation lacks standing to enforce the contract, to which it is not a party. Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.