Lexington Ins. Co. v Kiska Dev. Group LLC (2020 NY Slip Op 02253)





Lexington Ins. Co. v Kiska Dev. Group LLC


2020 NY Slip Op 02253


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


11372 112533/11 590928/13

[*1] Lexington Insurance Company as subrogee of Prime Alliance Group Ltd., et al., Plaintiffs,
v
Kiska Development Group LLC, et al., Defendants-Respondents-Appellants, Bayport Construction Corp., Defendant-Respondent.
Kiska Development Group LLC, et al., Third-Party Plaintiffs-Respondents- Appellants,
v
Mt. Hawley Insurance Company, Third-Party Defendant-Appellant- Respondent.


Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for appellant-respondent.
Kennedys, New York (Ann M. Odelson of counsel), for respondents-appellants.
Baker Greenspan & Bernstein, Bellmore (Robert L. Bernstein, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered October 31, 2018, which, insofar as appealed from as limited by the briefs, denied defendants/third-party plaintiffs Kiska Development Group LLC and 14 West 14 LLC's motion for summary judgment on their claim against defendant Bayport Construction Corp. for contractual indemnification, denied the motion for summary judgment on their claim that Kiska is an additional insured under the policy issued to Bayport by third-party defendant (Mt. Hawley), granted Mt. Hawley's cross motion for summary judgment declaring that Kiska is not an additional insured, and denied the motion for summary judgment dismissing 14 West's claim that it is an additional insured, unanimously modified, on the law, to declare that Mt. Hawley is obligated at this stage merely to defend 14 West, as opposed to indemnifying it, and otherwise affirmed, without costs.
Kiska is not an additional insured under the policy that Mt. Hawley issued to Bayport, because the contract between Kiska and Bayport lacks the requisite "express and specific language requiring that [Kiska] be named as an additional insured" (Clavin v CAP Equip. Leasing Corp., 156 AD3d 404, 405 [1st Dept 2017]). The contract required Bayport to procure insurance naming 14 West as an additional insured, but it only required Kiska to be a Certificate Holder, and the Certificate states that it "does not amend, extend or alter the coverage afforded by the [policy]" (see Three Boroughs, LLC v Endurance Am. Specialty Ins. Co., 143 AD3d 480, 481 [1st Dept 2016]; see also West 64th St., LLC v Axis U.S. Ins., 63 AD3d 471, 472 [1st Dept 2009]; Illinois Natl. Ins. Co. v American Alternative Ins. Corp., 58 AD3d 537, 538 [1st Dept 2009]; Moleon v Kreisler Borg Florman Gen. Constr. Co., 304 AD2d 337, 339 [1st Dept 2003]).
The provision of the Kiska-Bayport contract that says Kiska may retain monies due to [*2]Bayport "until all ... suits or claims, actions or proceedings for damages ... shall have been settled or determined, unless [Bayport] presents ... evidence satisfactory to [Kiska] of adequate insurance ... covering [Kiska] ... as additional insured" does not require Bayport to procure additional insured coverage for Kiska (see Clavin, 156 AD3d at 405).
Kiska cites various provisions of its contract with Bayport that require Bayport to indemnify it. However, as Kiska itself says, entitlement to additional insured status and contractual indemnification are distinct.
Kiska contends that its contract with Bayport incorporated by reference the main contract between Kiska and 14 West and that the main contract requires Bayport to name Kiska as an additional insured. However, it provides no record support for these claims. In any event, a general provision incorporating the Kiska-14 West contract by reference would not require Bayport to procure additional insured coverage for Kiska (see e.g. Betancur v Lincoln Ctr. for the Performing Arts, Inc., 101 AD3d 429, 430 [1st Dept 2012]; Bussanich v 310 E. 55th St. Tenants, 282 AD2d 243, 244 [1st Dept 2001]).
Mt. Hawley concedes that 14 West is an additional insured under the policy that it issued to Bayport, but it contends that 14 West's claim is academic because 14 West is already receiving defense and indemnity from third-party plaintiff New York Marine and General Insurance Company (Kiska's insurer). This argument is unavailing. The New York Marine policy (under which 14 West is an additional insured) is excess to Mt. Hawley's policy (under which 14 West is also an additional insured). Therefore, Mt. Hawley — not New York Marine — should be defending 14 West in the main action.
Mt. Hawley is correct, however, that it was premature to declare that it was obligated to indemnify (as opposed to defend) 14 West (see Mt. Hawley Ins. Co. v American States Ins. Co., 168 AD3d 558, 559 [1st Dept 2019]; Greenwich Ins. Co. v City of New York, 139 AD3d 615 [1st Dept 2016]). Mt. Hawley's policy affords coverage to additional insureds "only with respect to liability for ... property damage' ... caused, in whole or in part, by ... [Bayport's] acts or omissions." This means coverage for property damage proximately caused by Bayport (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313 [2017]). It has not yet been determined whether Bayport was the proximate cause of the collapse of the wall.
We affirm, on other grounds, the denial of 14 West's motion for summary judgment on its claim against Bayport for contractual indemnification. With respect to 14 West (as opposed to Kiska), there are no issues of fact; 14 West simply is not entitled to contractual indemnification from Bayport, because the contract between Kiska and Bayport does not say that Bayport must indemnify 14 West (see Trawally v City of New York, 137 AD3d 492, 492-493 [1st Dept 2016]).
As for Kiska's summary judgment motion against Bayport, the contract between them requires Bayport to indemnify Kiska for claims arising out of Bayport's negligent acts or omissions or breaches of contract, and it has not yet been determined whether Bayport was negligent or breached the contract (see Trawally, 137 AD3d at 493). In addition, the contract provides for indemnification for Kiska only to the extent the claim is not caused by Kiska's negligence, and Kiska has not established that it was free from negligence (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]; Matthews v Trump 767 Fifth Ave., LLC, 50 AD3d 486, 487 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK