■ KATHY LEVIN et al., Respondents, v 117 LIMITED PARTNER-SHIP et al., Appellants. [738 NYS2d 50] —Order, Supreme Court, New York County (Richard Braun, J.), entered June 18, 2001, which, in an action by plaintiffs tenants against defendants landlords for, inter alia, a declaration that defendants' sealing of an air shaft violates plaintiffs' easement to light and air, insofar as appealed from, denied defendants' request for summary judgment made in response to plaintiffs' motion for summary judgment on the ground that defendants had not served a notice of cross motion, unanimously modified, on the law, to declare that plaintiffs have no such easement, and otherwise affirmed, without costs.

Both parties have requested that we consider the issue of plaintiffs' claimed easement to light and air. Moreover, where a motion for summary judgment has been made, this Court can search the record and grant summary judgment to any party, including a nonmoving party (CPLR 3212 [b]), even in the absence of an appeal by the non-moving party (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106).

Plaintiffs lack entitlement to the contested appurtenance because an easement to light and air cannot be created by implication, and there is nothing in plaintiffs' leases that can be construed as an agreement to create one (*see, Lafayette Auvergne Corp. v 10243 Mgt. Corp.*, 35 NY2d 834). Plaintiffs' argument that *Lafayette* is inapt because it involved an "alterations agreement"—as compared with the air shaft that has existed here since the building's construction—is unavailing, there being nothing in *Lafayette* to suggest that an easement can be created by implication regardless of when it purportedly came into existence.

To the extent that plaintiffs rely on *Doyle v Lord* (64 NY 432), such reliance is misplaced. The *Doyle* Court held that an easement to an adjoining yard arose in favor of a lessee to an entire building as part of the conveyance itself, but took pains to distinguish the opposite result which would apply to lessees of individual rooms in the premises, for whom no implied easement would arise, absent an express grant of such an appurtenance in their individual leases. Such is the very situation presented here.

The foregoing is not to be understood as having any bearing on plaintiffs' claim that the sealing of the air shaft constitutes a diminution of building services. Concur—Rosenberger, J.P., Ellerin, Wallach, Rubin and Marlow, JJ.