■ RODLESS PROPERTIES, L.P., et al., Appellants-Respondents, v WESTCHESTER FIRE INSURANCE COMPANY, Respondent-Appellant, et al., Defendants. [835 NYS2d 154]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered July 14, 2006, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment declaring that defendant Westchester Fire Insurance Company (Westchester) had a duty to defend and indemnify them as additional insured in an underlying personal injury action, unanimously reversed, on the law, without costs, and upon a search of the record, summary judgment granted to Westchester declaring that it has no obligation to defend or indemnify plaintiffs in the underlying action, and the complaint otherwise dismissed as against it.

The plaintiff in the underlying action was injured when he fell from a scaffold or ladder while working at a site owned by the noninsurer plaintiffs herein (collectively Rodless). This ac-

tion ensued after Westchester, the general liability insurer of defendant general contractor American Pipe and Tank Lining Co. (American Pipe), refused to defend Rodless in the underlying action on the ground that its policy did not include Rodless as an additional insured. The Westchester policy provided, with respect to "Additional Insured—Owners, Lessees or Contractors":

"This endorsement modifies insurance provided under the following:

"COMMERCIAL GENERAL LIABILITY COVERAGE PART.

"SCHEDULE

"Name of Person or Organization:

"AS REQUIRED BY CONTRACT, PROVIDED THE CONTRACT IS **EXECUTED** PRIOR TO LOSS.

"(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

"WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of 'your work' for that insured by or for you" (emphasis added).

The motion court erred in concluding that the term "executed," as employed in the Westchester policy, is ambiguous. As noted by the motion court, an "executed contract," as defined by Black's Law Dictionary (8th ed 2004), is either a contract that has been signed or a contract that has been fully performed by both parties. However, that the term "executed" can be interpreted in two ways does not render the contract uncertain or ambiguous. Indeed, whether the Westchester policy is interpreted as anticipating written contracts only or both oral and written contracts, it is clear that under either interpretation, Rodless was not an additional insured under that policy. The contract was admittedly never reduced to a writing and the accident, which occurred five days before the conclusion of the job, prevented full performance by both Rodless and American Pipe. In any event, even if we were to find the term "executed" ambiguous, which we do not, the canon of construction that ambiguities in an insurance policy are to be construed against the insurer in favor of the insured, an argument raised by Rodless, does not apply here, where the real party in interest is an insurance company, plaintiff Seneca, Rodless's general liability insurer, and not the insured (*see Standard Mar. Ins. Co. v Federal Ins. Co.*, 39 AD2d 444, 446 [1972]).

We agree with the motion court that since the certificate of insurance was issued as a matter of information only and

tendered after the loss, it is neither proof of insurance nor proof of an oral contract. Given the absence of any material issues of fact to be resolved, we search the record and grant summary judgment to Westchester (CPLR 3212 [b]; *Levin v 117 Ltd. Partnership*, 291 AD2d 304 [2002]). Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.