LEHIGH CONSTRUCTION GROUP, INC., Respondent, v LEXINGTON INSURANCE COMPANY, Appellant, et al., Defendants. [894 NYS2d 299]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered November 20, 2008 in a declaratory judgment action. The order, insofar as appealed from, denied the motion of defendant Lexington Insurance Company for a declaration that it is not obligated to defend or indemnify plaintiff in the underlying action.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and judgment is granted in favor of defendant Lexington Insurance Company as follows:

It is adjudged and declared that defendant Lexington Insurance Company is not obligated to defend or indemnify plaintiff in the underlying action.

Memorandum: Defendant John R. Sherk was injured in January 2004 when he fell from a height during the course of performing construction work on a church owned by the remaining defendants, with the exception of defendant Lexington Insurance Company (Lexington). Sherk's employer had been hired by plaintiff to perform construction and renovation services on the church. In January 2007, Sherk commenced a Labor Law and common-law negligence action (hereafter, underlying action) seeking damages for the injuries he sustained when he fell in January 2004. Plaintiff was served with Sherk's summons and complaint by the Secretary of State on January 12, 2007 and received notice of such service by mail on February 23, 2007. Plaintiff was named as a defendant in the underlying action as an additional insured under a commercial general liability policy issued to plaintiff's employer by Lexington. Pursuant to the terms of that policy, plaintiff was required to notify Lexington of an occurrence or any claim made or suit brought against any insured "as soon as practicable." It is undisputed that plaintiff did not notify Lexington of the underlying action until April 17, 2007, which was the first notice to Lexington of both the occurrence and the claim. Plaintiff did not transmit a copy of the complaint to Lexington until May 8, 2007.

By letter dated May 15, 2007, Lexington notified plaintiff that it would not defend or indemnify plaintiff in the underlying action based upon the failure of plaintiff to provide notice of its receipt of the complaint as soon as practicable. Lexington stated in a letter to plaintiff dated June 8, 2007 that Lexington had discovered that plaintiff provided notice of the occurrence to its excess carrier on January 16, 2007, "which further supports that notice to Lexington . . . three months later was indeed late." Plaintiff thereafter commenced this action seeking a declaration that Lexington is obligated to defend and indemnify it in the underlying action. Lexington served an answer to the complaint and moved, in essence, for a declaration that it is not obligated to defend or indemnify plaintiff in the underlying action on the ground that the "three-month delay is unreasonable as a matter of law." Supreme Court denied the motion based on its determination that there are issues of fact whether plaintiff's

notice was timely. We reverse the order insofar as appealed from.

In opposing the motion, plaintiff contended that its delay was based upon a reasonable belief in nonliability because it was only a "pass through" defendant with respect to the underlying action. Although a good faith belief in nonliability may excuse a failure to provide timely notice of an occurrence (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]), here there was a failure to provide timely notice of the actual commencement of the underlying action. We thus conclude under these circumstances that, as a matter of law, plaintiff's assumption that other parties would bear the ultimate responsibility for Sherk's injuries is an insufficient excuse for failing to provide Lexington with timely notice of the fact that the underlying action had been commenced (*see Philadelphia Indem. Ins. Co. v Genesee Val. Improvement Corp.*, 41 AD3d 44, 47 [2007]).

Finally, there is no merit to plaintiff's further contention that Lexington's disclaimer was untimely. Lexington conducted its investigation of the matter and issued its disclaimer within four weeks of its first notice of Sherk's accident and the underlying action. We thus conclude under these circumstances that Lexington's disclaimer was timely as a matter of law (*see Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co.*, 64 AD3d 1234, 1235 [2009]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.