■ SANTIAGO RODRIGUEZ, Appellant, v FREIGHT MASTERS, INC., et al., Respondents. [913 NYS2d 558]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered on or about July 21, 2009, which granted the motion by defendants Freight Masters and January for summary judgment dismissing the complaint as against them, unanimously modified, on the law, without costs, to award summary judgment to defendant Rydak dismissing the complaint as against her, and otherwise affirmed.

Defendants' examining neurologists' affirmed medical reports, together with MRI studies and other medical treatment records, established prima facie that plaintiff sustained no serious injury. The medical experts found on examination that there were no limitations in plaintiff's range of motion in his cervical, thoracic or lumbar spine (*see e.g. Atkinson v Oliver*, 36 AD3d 552 [2007]). They also concluded that the herniation at L5-S1, on which plaintiff's claim of serious injury is primarily based, was not causally related to the accident. This conclusion is supported by

post-accident MRI studies conducted in 2003 and early 2004, as well as the experts' neurological findings. Indeed, plaintiff's own expert physician conclusorily averred only that the injuries that incurred on the date of the accident made plaintiff "more susceptible" to serious injury in the future.

As to a 90/180-day injury, plaintiff alleged in his first supplemental bill of particulars (verified by his attorney) that he was confined to his bed and cell at the Eastern Correction Facility for five months after the accident. However, he failed to substantiate his 90/180-day claim with medical proof (*see DeSouza v Hamilton*, 55 AD3d 352 [2008]). While his expert physician's report of his examination of plaintiff four years after the accident emphasized a surgically repaired herniated disc, MRI studies conducted in the first year after the accident indicated only a degenerative condition of the spine and no herniation.

Since the record presents no issues of fact, we modify the order to award summary judgment also to defendant Rydak (*see Rodless Props., L.P. v Westchester Fire Ins. Co.*, 40 AD3d 253, 255 [2007], *lv denied* 9 NY3d 815 [2007]). Concur—Saxe, J.P., Friedman, McGuire, Abdus-Salaam and Román, JJ.