AMERICAN SAFETY CASUALTY
INSURANCE COMPANY,
Plaintiff,

v.

385 ONDERDONK AVE., LLC, Matan Hacohen 573 Elton Court, and Furkat Khuseynov, Defendants.

14–CV–3909 (WFK) (RER)

United States District Court,
E.D. New York.

Signed March 31, 2017

Filed 04/07/2017

Anne M. Murray, I. Dominic Anamdi, Carlie Fitapelli, Rivkin Radler LLP, Uniondale, NY, for Plaintiff.

Jeffrey M. Rosenberg, Rosenberg & Rosenberg LLP, New York, NY, Edward Richard Finkelstein, Finkelstein Filler LLP, Staten Island, NY, Michael W. Butler, White, Quinlan & Staley LLP, Garden City, NY, for Defendants.

DECISION AND ORDER

WILLIAM F. KUNTZ, II, United States District Judge:

American Safety Casualty Company ("Plaintiff") brought this action against 385 Onderdonk Ave., LLC ("Onderdonk") and Matan Hacohen (together, the "Onderdonk Defendants"), and 573 Elton Court and Furkat Khuseynov (collectively, "Defen-

dants") seeking a declaration that the General Commercial Liability Policy Plaintiff issued to Onderdonk does not impose any insurance coverage obligations in connection with an underlying action filed by Furkat Khuseynov against Onderdonk and others in New York Supreme Court, County of Queens. Plaintiff moved for summary judgment, and Defendant Khuseynov filed a cross-motion for summary judgment. For the reasons discussed below, Plaintiff's motion is GRANTED and Defendant Khuseynov's motion is DENIED.

BACKGROUND

I. The Underlying Action

On July 3, 2013, Furkat Khuseynov allegedly sustained bodily injury while working on a project involving "construction/renovation work" at 385 Onderdonk Avenue in Queens, New York. Pl.'s Statement of Facts (Pl.'s Facts) ¶¶ 8, 20, ECF No. 62–1. At the time of the accident, Mr. Khuseynov was employed by Elegant HVAC, Inc., a contractor hired to do work at 385 Onderdonk Avenue. Id. ¶ 21. On or about December 13, 2014, Mr. Khuseynov filed an action in New York Supreme Court, County of Queens, against Onderdonk and other defendants asserting causes of action for negligence and violation of New York Labor Law sections 200, 240(1), and 241(6) (the "Underlying Action"). Id. ¶¶ 20, 22.

II. The Policy and Coverage Under the Policy

Plaintiff issued General Commercial Liability policy number 214PK–14853–02 to Onderdonk for the policy period March 26, 2013, to March 26, 2014 (the "Policy"). Id. ¶ 1. The Policy "generally provides coverage for damages because of 'bodily injury' or 'property damage' taking place during the policy period that is caused by an

'occurrence,' or accident," as defined by the Policy. *Id.* ¶ 2. The Policy also contains various terms, conditions, exclusions, and endorsements, including, but not limited to, an exclusion related to construction, renovation, and repairs known as the Designated Ongoing Operations Exclusion, and an endorsement related to independent or sub-contractor's coverage known as the Independent or Sub–Contractors Conditions Endorsement. *Id.* ¶¶ 6–7; *see also* Onderdonk Defs.' Counterstatement of Facts ("Onderdonk Defs.' Facts") ¶ 6, ECF No. 63–1 (setting forth alternative version of designated Ongoing Operations Exclusion).

The Designated Ongoing Operations Exclusion provides the Policy "does not apply to 'bodily injury' or 'property damage'" arising from "[a]ny construction, renovation or repair work being performed at any insured location, except when performed by independent contractors and/or subcontractors who have met the conditions of the Independent or Subcontractors Endorsement." Pl.'s Facts ¶ 6; Onderdonk Defs.' Facts ¶ 6.[1]

Pursuant to the Independent or Sub-Contractors Conditions Endorsement, coverage to independent or sub-contractors is only provided when the following conditions have been met: "(1) each such independent contractor or subcontractor carries insurance providing coverage for the 'bodily injury' or 'property damage' that would be subject to [certain] exclusions"; "(2) such insurance provides coverage and limits at least equal to that provided by [the instant] policy but for the [certain] exclusions"; and (3) the independent contractors and/or subcontractors "have been

named as an additional insured on such coverage." Pl.'s Facts ¶ 7. The relevant exclusion for the purposes of this motion states:

> This insurance does not apply to "bodily injury" or "property damage" arising out of any and all work performed by independent contractors or subcontractors, regardless of whether such work is performed on your behalf or whether such work is performed for you or for others. This exclusion applies regardless of where such work is performed.

*Id.*

For the purposes of the Underlying Action, Plaintiff disclaimed coverage under the Designated Ongoing Operations Exclusion and the Independent or Sub–Contractors Conditions Endorsement. *Id.* ¶ 26. Nonetheless, as a courtesy, Plaintiff agreed to retain counsel to defend the Onderdonk Defendants in the Underlying Action, subject to its disclaimer of coverage. *Id.*

### III.  Motions for Summary Judgment

Plaintiff brought this action seeking a declaration that it has no insurance coverage obligations to defend or indemnify Defendants in the Underlying Action. Compl. ¶¶ 7–9, 45(a), ECF No. 1. According to Plaintiff, the Policy does not cover Mr. Khuseynov's injuries because they were incurred in the course of "construction/renovation work," which is explicitly excluded from coverage by the Designated Ongoing Operations Exclusion. *Id.* ¶¶ 21–26. Plaintiff also contends the Independent or Sub–Contractors Conditions Endorsement precludes coverage under the Policy because

---

**1.**  Plaintiff argues "the 'version' of the Designated Ongoing Operations Exclusion proffered by American Safety," which "excludes coverage for bodily injury arising out of ongoing 'construction, renovation or repair'" without exception, was "the operative exclu-

sion in effect on the date of [Mr. Khuseynov's] alleged accident." Pl.'s Reply at 2, ECF No. 65. The Court need not decide this dispute to grant Plaintiff summary judgment, and for the purposes of this motion adopts the version set forth by the Onderdonk Defendants.

(1) the conditions of the Endorsement have not been met, and (2) the Underlying Action alleges bodily injury to Mr. Khuseynov arising out of work performed by independent contractors or sub-contractors. *Id.* at ¶¶ 30–39. Lastly, Plaintiff claims that it has no duty to defend or indemnify Matan Hacohen and 573 Elton Court because they are not as an insured parties under the Policy. *Id.* at ¶¶ 40–44. On June 24, 2016, Plaintiff moved for summary judgment. ECF Nos. 62–65.

Defendant Khuseynov filed a cross-motion for summary judgment on July 12, 2016, seeking declaratory judgment that Plaintiff has an insurance obligation to the Onderdonk Defendants because Plaintiff failed to timely provide Mr. Khuseynov with a Notice of Disclaimer. Def. Khuseynov's Cross–Mot. Summary J. ("Khuseynov's MSJ") at 1–3, ECF No. 67; *see also* ECF Nos. 68–69 The Court addresses each motion in turn.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" by citation to materials in the record, including depositions, affidavits, declarations, and electronically stored information. Fed. R. Civ. P. 56(a)–(c). Affidavits and declarations, whether supporting or opposing a summary judgment motion, "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.; see also Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004).

"In determining whether summary judgment is appropriate, [the] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation and internal quotation marks omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to answer "the threshold inquiry of whether there is the need for a trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must therefore review whether the record could "lead a rational trier of fact to find for the non-moving party." *Lovejoy–Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

If the moving party carries its preliminary burden, the burden shifts to the non-movant to raise the existence of "specific facts showing that there is a genuine issue for trial." *Cityspec, Inc. v. Smith*, 617 F.Supp.2d 161 (E.D.N.Y. 2009) (Wexler, J.) (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348). "The mere existence of a scintilla of evidence" in support of the non-movant will be insufficient to defeat a summary judgment motion. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Rather, the non-moving party must make a showing sufficient to establish the existence of each element constituting its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."). Conclusory statements, devoid of specifics, are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

## DISCUSSION

### I. 573 Elton Court's Insured Status Under the Policy

Plaintiff first seeks a declaratory judgment that Defendant 573 Elton Court "does not qualify as an insured under the American Safety Policy." Pl.'s MSJ at 11. It is undisputed that "Onderdonk has no corporate or business relationship with 573 Elton [Court]." Pl.'s Facts ¶ 9; *see also* Def. Khuseynov's Facts ¶ 9 (declining to dispute lack of relationship between Onderdonk and 573 Elton Court); Onderdonk Defs.' Facts ¶ 9 (same). Nor is there any dispute that "573 Elton [Court] does not qualify as an insured under the 'Who is an Insured' provision" of the Policy. Onderdonk Defs.' Facts ¶ 5; *see also* Def. Khuseynov's Facts ¶ 5 (declining to dispute statement that 573 Elton Court does not qualify as an insured under the Policy). Furthermore, as Plaintiff points out, no party opposes Plaintiff's contention that 573 Elton Court does not qualify as an insured under the Policy. Pl.'s Reply at 5. The Court therefore finds there is no genuine dispute of material fact that 573 Elton Court is not insured under the Policy and judgment for Plaintiff on this point is proper as a matter of law.

### II. The Independent or Sub-Contractors Conditions Endorsement [2]

■ Plaintiff further seeks a declaratory judgment that it has no insurance coverage obligations to the Onderdonk Defendants in connection with the Underlying Action. The parties agree that, pursuant to the Independent Contractors or Sub-Contractors Conditions Endorsement (the "Endorsement"), Plaintiff would not be liable for coverage unless Elegant—the contractor Mr. Khuseynov was working for when he incurred the relevant injuries—earned insurance that provided coverage for Onderdonk as an additional insured. Pl.'s Facts ¶¶ 7, 13–15; Onderdonk Defs.' Facts ¶¶ 7, 13–15. Plaintiff has established that "no entity, including Onderdonk, was ever added as an additional insured under the Hermitage Policy" and that "Hermitage disclaimed coverage to Onderdonk for the Underlying Action because Onderdonk is not an additional insured under the Hermitage Policy." Pl.'s Facts ¶¶ 17, 19; Onderdonk Defs.' Facts 17, 19. The Onderdonk Defendants argue in response that Onderdonk is listed as an additional insured on Elegant's certificate of insurance, which is sufficient to confer additional insured status. Onderdonk Defs.' Facts ¶ 17; *see also* Onderdonk Defs.' Opp'n Ex. B, ECF No. 63–6 (reproducing certificate of insurance). The Onderdonk Defendants fail to meet their burden of proof on this point. *Falco v. Unum Provident Corp.*, 04–CV–4540, 2007 WL 1014568, at *4 (E.D.N.Y. Mr. 30, 2007) (Vitaliano, J.) ("It is well-established under New York law that in insurance disputes the burden is on the insured to prove all facts necessary to demonstrate that a claim falls within the terms and conditions of coverage."). Because the certificate in question explicitly

---

**2.** Plaintiff moves for summary judgment on the ground that both the Designated Ongoing Operations Exclusion and the Independent or Sub-Contractors Conditions Endorsement preclude Plaintiff from coverage liability. For the purposes of this motion, the Court adopts the Onderdonk Defendants' argument that the operative version of the Designated Ongoing Operations Exclusion only excluded "claims where the construction, renovation, or repairs were performed by contractors who did not, in substance name Onderdonk as an additional insured under their own policies." Onderdonk Opp'n at 4. Thus, the Court does not address the applicability of the Designated Ongoing Operations Exclusion and instead looks to whether the Independent or Sub-Contractors Conditions Endorsement applies to preclude coverage liability.

states it "is issued as a matter of information only and confers no rights upon the certificate holder," Onderdonk Defs.' Opp'n Ex. B, the absence of any other evidence that Onderdonk was an additional insured under the Hermitage policy defeats the Onderdonk Defendants' argument as a matter of New York law, e.g., *Am. Ref-Fuel Co. of Hempstead v. Res. Recycling, Inc.*, 248 A.D.2d 420,671 N.Y.S.2d 93, 96 (2d Dep't 1998) (explaining "the certificate of insurance recited that it was 'a matter of information only and confer[red] no rights upon' the plaintiff," and so was "insufficient, by itself, to establish that the plaintiff was insured" (internal citations omitted)).[3]

The Onderdonk Defendants attempt to salvage their position by arguing "Hermitage is estopped from denying that Onderdonk was an additional insured under the policy it issued to Elegant" because the insurance certificate constituted a representation by an agent for Hermitage that Hermitage cannot now deny due to principles of agency theory. Onderdonk Defs.' Opp'n at 4, The Court disagrees.

Contrary to the Onderdonk Defendants assertion, New York law is clear that Hermitage may *not* be "estopped from denying coverage because of the issuance of a certificate of insurance naming [Onderdonk] as an additional insured" because "the doctrine of estoppel may not be invoked to create coverage where none exists under the policy." *Am. Ref-Fuel Co. of Hempstead*, 671 N.Y.S.2d at 96.

The Court thus finds there is no genuine dispute of material fact that the Independent Contractors and Sub-Contractors Conditions Endorsement means Plaintiff is not liable for providing coverage under the Policy for the Underlying Action, and judgment for Plaintiff on this point is proper as a matter of law.

### III. Timeliness of Plaintiff's Disclaimer

Mr. Khuseynov seeks a judgment from the Court declaring that Plaintiff has an insurance coverage obligation to the Onderdonk Defendants because Plaintiff failed to timely disclaim coverage under New York Insurance Law ("NYIL").[4] Khu-

---

3. *See also Nicotra Grp., LLC v. Am. Safety Indem. Co.*, 48 A.D.3d 253, 850 N.Y.S.2d 455, 457 (1st Dep't 2008) ("Nor did the certificate of insurance confer additional insured status." (internal citation omitted)); *Rodless Props., L.P. v. Westchester Fire Ins. Co.*, 40 A.D.3d 253, 835 N.Y.S.2d 154, 155 (1st Dep't 2007) ("[S]ince the certificate of insurance was issued as a matter of information only and tendered after the loss, it is neither proof of insurance nor proof of an oral contract."); *Tribeca Broadway Assocs., LLC v. Mount Vernon Fire Ins. Co.*, 5 A.D.3d 198, 774 N.Y.S.2d 11, 13 (1st Dep't 2004) (noting "a party that is not named an insured or an additional insured *on the face of the policy* is not entitled to coverage" and "[a] certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists" (emphasis added)).

4. It is not clear whether Mr. Khuseynov also advances arguments regarding waiver and estoppel, both of which are referenced in his attorney's declaration, Butler Decl. ¶ 29, ECF No. 64-3 (alleging Plaintiff's "subsequent actions constitute a waiver and/or estoppel from denying coverage based upon their subsequent actions in the underlying personal injury action"), but not in any subsequent briefing. To the extent that Mr. Khuseynov makes these contentions, they fail. A waiver argument is inapplicable where an insurer disclaims coverage based upon an exclusion in the insurance policy, as Plaintiff did here. *E.g., Coregis Ins. Co. v. Lewis, Johs, Avallone, Aviles & Kaufman, LLP*, 01–CV–3844, 2006 WL 2135782, at *14 (E.D.N.Y. July 28, 2006) (Johnson, J.) ("Where an exclusion makes clear that coverage under an insurance policy does not exist, coverage cannot be attained by waiver, which is a voluntary and intentional relinquishment of a known right."). And estoppel only applies "where an insurer acts in

seynov's MSJ at 1, 3. Plaintiff argues, and the Court agrees, that the disclaimer was timely as a matter of law.

██ Pursuant to NYIL section 3420(d), insurers must provide written notice "as soon as is reasonably possible of [any] such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." Timeliness is measured "from the point in time when the insurer first learned of the grounds for disclaimer," *Ostrowski v. Am. Safety Indem. Co.*, 07–CV–3977, 2010 WL 3924679, at *4 (E.D.N.Y. Sept. 30, 2010) (Irizarry, J.), to the time a disclaimer is issued, *e.g.*, *Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.*, 368 F.3d 209, 215 (2d Cir. 2004). Here, that period was 29 days.[5] *Compare* Pl.'s Counter–Statement to Def. Khuseynov's Facts ("Pl.'s Counterstatement") ¶¶ 1, 29, ECF No. 68–1 (stating Plaintiff's third-party administrator received notice of Mr. Khuseynov's accident on January 2, 2014, via the summons and complaint in the Underlying Action), *with* Long Aff. Ex. 3, 62–5 (reproducing envelope that disclaimer was mailed in bearing postmark of January 31, 2014). Disclaimers issued within one month are timely as a matter of law. *E.g.*, *Lehigh Constr. Grp., Inc. v. Lexington Ins. Co.*, 70 A.D.3d 1430, 894 N.Y.S.2d 299, 301 (4th Dep't 2010) (finding it "timely as a matter of law" where insurer "issued its disclaimer within four weeks of its first notice of [the] acci-

dent and the underlying action"); *see also Liberty Ins. Underwriters Inc. v. Great Am. Ins. Co.*, 09–CV–4912, 2010 WL 3629470, at *9 (S.D.N.Y. Sept. 17, 2010) (Cote, J.) (holding 28 days between an insurer being served with a complaint and issuing a disclaimer is "reasonably timely as a matter of law").

Accordingly, the Court thus finds there is no genuine dispute of material fact regarding whether Plaintiff timely filed a disclaimer of insurance coverage, and judgment against Mr. Khuseynov on this point is proper as a matter of law.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is GRANTED. Defendant Khuseynov's cross-motion for summary judgment is DENIED. The Clerk of Court is directed to enter judgment and close the action.

**SO ORDERED.**

██

---

a manner inconsistent with a lack of coverage," which was not the case here as Plaintiff expressly disclaimed coverage at all points, including when agreeing to retain counsel to defend the Onderdonk Defendants in the Underlying Action. *Gelfman v. Capitol Indem. Corp.*, 39 F.Supp.3d 255, 271 (E.D.N.Y. 2014) (Irizarry, J.).

5. Mr. Khuseynov's argument that there is no "evidence as to when this letter was actually sent," Def. Khuseynov's MSJ at 6, but that his lawyers did not receive the letter until February 4, 2014, Def. Khuseynov's MSJ at 1, is irrelevant in light of the fact that the envelope clearly bears a United States Postal Service postmark of January 31, 2014, Long Aff. Ex. 3.