American Empire Surplus Lines Ins. Co. v Commerce & Indus. Ins. Co. (2023 NY Slip Op 06197)

American Empire Surplus Lines Ins. Co. v Commerce & Indus. Ins. Co.

2023 NY Slip Op 06197

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 651568/21 Appeal No. 1132 Case No. 2023-02254 

[*1]American Empire Surplus Lines Insurance Company, Plaintiff-Appellant,
v
Commerce & Industry Insurance Company et al., Defendants-Respondents, Carlos Mayorquin, Defendant.

L'Abbate, Balkan, Colavita & Contini, LLP, Melville (John D. McKenna of counsel), for appellant.
Squire Patton Boggs (US) LLP, New York (Elizabeth F. Ahlstrand of counsel), for respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 5, 2023, which, to the extent appealed from as limited by the briefs, granted defendants Commerce & Industry Insurance Company's and National Union Fire Insurance Company of Pittsburgh, PA's motion for summary judgment dismissing the complaint, denied plaintiff's motion for summary judgment, and declared that Commerce and National Union were not required to provide any coverage under the subject second excess liability insurance policies, unanimously affirmed, with costs.
The motion court correctly found that defendant second excess insurers Commerce and National Union are not required to provide coverage under the subject second excess insurance policies in connection with the underlying personal injury action brought by Carlos Mayorquin.
Plaintiff failed to timely notify Commerce of Mayorquin's claim (see generally Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743-744 [2005]; United States Liab. Ins. Co. v Winchester Fine Arts Servs., 337 F Supp 2d 435, 443-444 [SD NY 2004]).
Mayorquin was injured in April 2014 and filed suit that same year, but notice was not provided to Commerce until April 2020 — six years later. Plaintiff believed since 2014 that Mayorquin had a 99% likelihood of success on his claim, and plaintiff's initial jury verdict estimations were not significantly below the $4 million necessary to implicate the second excess policies. Plaintiff acknowledged that these numbers could go up, and Mayorquin's 2016 and 2019 settlement demands far exceeded $4 million. Under these circumstances, plaintiff could not have reasonably believed that the second excess policies were so unlikely to be implicated that it was not necessary to notify the second excess insurers. To the extent plaintiff claims that it was not aware of the Commerce policy until March 2020, this claim is not supported by the record. Even if plaintiff was not aware of the second excess policies, the insureds certainly were, and it was their duty to notify the second excess insurers.
Because notice was not provided to Commerce until after a determination of liability on Mayorquin's claim had already been made, Insurance Law § 3420(c)(2)(B)'s irrebuttable presumption of prejudice applies.
National Union timely disclaimed coverage with respect to the Mayorquin claim (see generally Insurance Law § 3420[d][2]; Continental Cas. Co. v Stradford, 11 NY3d 443, 449 [2008]). We find that only 28 (not 40) days passed between when National Union was notified of the Mayorquin claim (on April 21, 2020) and when it disclaimed coverage (on May 19, 2020). Although notice was attempted on April 9, 2020, that notice was invalid because it did not include the correct policy number.
Regardless of whether the disclaimer was made in 28 or 40 days, the timing was reasonable under the circumstances. Courts have routinely upheld time periods in the one-month range (see e.g. Lehigh Constr. Group, Inc. v [*2]Lexington Ins. Co., 70 AD3d 1430, 1432 [4th Dept 2010]; St. Charles Hosp. & Rehabilitation Ctr. v Royal Globe Ins. Co., 18 AD3d 735, 737 [2d Dept 2005], lv denied 5 NY3d 710 [2005]; DeSantis Bros. v Allstate Ins. Co., 244 AD2d 183, 184 [1st Dept 1997], lv denied 91 NY2d 808 [1998]). Although a lengthy investigation was not necessary to determine that coverage should be disclaimed, the subject notice of claim was sent in April 2020 — during the height of the Covid-19 pandemic; some leeway is appropriate given the disruptions caused thereby.
Commerce and National Union's coverage disclaimers were also sufficiently broad to cover subsequent cross-claims in the Mayorquin action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023